**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JTR1, LLC, f/d/b/a JTR, LLC, | ) | Case No. 20-30141 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| A. Burton Shuford, Trustee of the | ) | |
| Bankruptcy Estate of JTR1, LLC, | ) | |
| f/d/b/a JTR, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. 22-03018 |
| v. | ) | |
| | ) | |
| BJS Insurance, LLC, and | ) | |
| JJM, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANTS BJS INSURANCE, LLC AND JJM, LLC**

Defendants BJS Insurance, LLC ("BJS"), and JJM, LLC ("JJM," and together with BJS, "Defendants"), by and through their undersigned counsel, hereby file this Answer to the Complaint filed in the above-captioned adversary proceeding by Plaintiff A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC ("Plaintiff" or "Trustee").[1]

**ANSWER**

Throughout the Complaint, Plaintiff refers to "PRNs." This term is not defined in the Complaint. Defendants understand PRN to be a typographical error and interpret it to mean PFN

---
[1] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to such terms in the Complaint.

wherever it is found in the Complaint. With that proviso, Defendants respond to the numbered

paragraphs of Plaintiff's Complaint as follows:

**Response to "Parties, Jurisdiction, and Venue"**

1.      The Defendants admit the allegations in Paragraph 1 of the Complaint.

2.      The Defendants admit the allegations in Paragraph 2 of the Complaint.

3.      The Defendants lack sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 3 of the Complaint, and on that basis, deny them.

4.      The Defendants lack sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 4 of the Complaint, and on that basis, deny them.

5.      The Defendants admit the allegations in Paragraph 5 of the Complaint.

6.      The allegations in Paragraph 6 of the Complaint constitute legal conclusions to

which no response is required. To the extent any response is required, Defendants lack sufficient

knowledge or information to admit or deny the allegations of Paragraph 6 of the Complaint, and

on that basis, deny them.

7.      The allegations in Paragraph 7 of the Complaint constitute legal conclusions to

which no response is required. To the extent any response is required, they are denied.

8.      The allegations in Paragraph 8 of the Complaint constitute legal conclusions to

which no response is required. To the extent any response is required, Defendants lack sufficient

knowledge or information to admit or deny the allegations of Paragraph 6 of the Complaint, and

on that basis, deny them.

9.      The allegations in Paragraph 9 of the Complaint constitute legal conclusions to

which no response is required. To the extent any response is required, Defendants admit that the

Plaintiff purports to commence the action pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

10.    The allegations in Paragraph 10 of the Complaint are admitted as to Defendant BJS. Paragraph 10 of the Complaint does not set forth any allegations with regard to Defendant JJM, and therefore, no answer from JJM is required. To the extent any response is required, JJM lacks sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint, and on that basis, denies them.

11.    The allegations in Paragraph 11 of the Complaint are admitted as to Defendant BJS. Paragraph 11 of the Complaint does not set forth any allegations with regard to Defendant JJM, and therefore, no answer from JJM is required. To the extent any response is required, JJM lacks sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint, and on that basis, denies them.

12.    Defendant JJM admits that it is a Maryland limited liability company. Except as expressly admitted, Defendant JJM denies the allegations in Paragraph 12 of the Complaint. Paragraph 12 of the Complaint does not set forth any allegations with regard to Defendant BJS, and therefore, no answer from BJS is required. To the extent any response is required, BJS lacks sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint, and on that basis, denies them.

13.    The allegations in Paragraph 13 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, they are denied.

**Response to "Facts"**

*PBGC as Unsecured Claimant in Bankruptcy Case*

14.     The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint, and on that basis, deny them.

15.     The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the Complaint, and on that basis, deny them.

16.     In response to Paragraph 16 of the Complaint, the Defendants admit that the PBGC filed a claim in the Debtor's bankruptcy case. Except as expressly admitted, the allegations in Paragraph 16 of the Complaint are denied.

17.     The document described in Paragraph 17 of the Complaint is the best evidence of the terms thereof and speaks for itself. The Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of the Complaint, and on that basis, deny them.

18.     The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Complaint, and on that basis, deny them.

*Relationship between Steinfelder and the Covellis*

19.     The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of the Complaint, and on that basis, deny them.

20.     The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of the Complaint, and on that basis, deny them.

21.     The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of the Complaint, and on that basis, deny them.

22.     The Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of the Complaint, and on that basis, deny them.

*Personal Property Transfers*

23.     The Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Complaint, and on that basis, deny them.

24.     The document described in Paragraph 24 of the Complaint is the best evidence of the terms thereof and speaks for itself. The Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Complaint, and on that basis, deny them.

25.     Defendant JJM admits that Steinfelder, through JJM, paid $425,000 to Richard Covelli on December 30, 2019. Except as expressly admitted, Defendant JJM denies the allegations in Paragraph 25 of the Complaint. Paragraph 25 does not set forth any allegations with regard to Defendant BJS, and therefore, no answer from BJS is required. To the extent any response is required, BJS lacks sufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint, and on that basis, denies them.

26.     The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 of the Complaint, and on that basis, deny them.

27.     Defendant JJM admits that it paid $425,000 to Richard Covelli. Except as expressly admitted, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 27 of the Complaint, and on that basis, deny them.

28.     The Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of the Complaint, and on that basis, deny them.

29.     The Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 29 of the Complaint, and on that basis, deny them.

*Joint Involvement in Businesses*

30.     The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 of the Complaint, and on that basis, deny them.

31.     The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of the Complaint, and on that basis, deny them.

32.     The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 of the Complaint, and on that basis, deny them.

33.     The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 33 of the Complaint, and on that basis, deny them.

34.     The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34 of the Complaint, and on that basis, deny them.

*PBGC as Unsecured Claimant in Bankruptcy Case*

35.     The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 35 of the Complaint, and on that basis, deny them.

36.     The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 36 of the Complaint, and on that basis, deny them.

37.     In response to Paragraph 37 of the Complaint, Defendants admit that the PBGC filed a claim in the Debtor's bankruptcy case.  Except as expressly admitted, the Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     The document described in Paragraph 38 of the Complaint is the best evidence of the terms thereof and speaks for itself. The Defendants otherwise lack sufficient knowledge or

information to admit or deny the allegations contained in Paragraph 38 of the Complaint, and on that basis, deny them.

39.     The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 39 of the Complaint, and on that basis, deny them.

### *The Debtor's Involvement with the Freedom Communications Pension Plan*

40.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 40 of the Complaint or its subparts, and on that basis, deny them.

41.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 41 of the Complaint, and on that basis, deny them.

42.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 42 of the Complaint, and on that basis, deny them.

43.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43 of the Complaint, and on that basis, deny them.

44.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 44 of the Complaint, and on that basis, deny them.

45.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 45 of the Complaint, and on that basis, deny them.

46.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 of the Complaint, and on that basis, deny them.

47.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 47 of the Complaint, and on that basis, deny them.

48.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 48 of the Complaint, and on that basis, deny them.

49.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 49 of the Complaint, and on that basis, deny them.

50.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 50 of the Complaint, and on that basis, deny them.

51.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 51 of the Complaint, and on that basis, deny them.

52.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 52 of the Complaint, and on that basis, deny them.

53.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 53 of the Complaint, and on that basis, deny them.

54.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 54 of the Complaint, and on that basis, deny them.

55.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 55 of the Complaint, and on that basis, deny them.

56.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 56 of the Complaint, and on that basis, deny them.

57.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 57 of the Complaint, and on that basis, deny them.

58.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 58 of the Complaint, and on that basis, deny them.

59.      Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 59 of the Complaint, and on that basis, deny them.

60.      Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 60 of the Complaint, and on that basis, deny them.

61.      Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 61 of the Complaint, and on that basis, deny them.

*Litigation with the Unsecured Creditors Committee and PBGC*

62.      Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 62 of the Complaint, and on that basis, deny them.

63.      Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 63 of the Complaint, and on that basis, deny them.

64.       Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 64 of the Complaint, and on that basis, deny them.

65.      Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 65 of the Complaint and its subparts, and on that basis, deny them.

66.      Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 66 of the Complaint, and on that basis, deny them.

*Equitable Tolling*

67.      Defendants deny the allegations of Paragraph 67 of the Complaint.

68.      Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 68 of the Complaint, and on that basis, deny them.

69.     The allegations in Paragraph 69 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 70 of the Complaint, and on that basis, deny them.

*Additional Claims*

71.     The allegations in Paragraph 71 of the Complaint contain legal conclusions and statements of Plaintiff's intent to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 71 of the Complaint. Defendants specifically deny engaging in any transactions or transfers that would give rise to any claims or causes of action against them.

*Background to Transfers to Defendant*

72.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 72 of the Complaint, and on that basis, deny them.

73.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the Complaint and its subparts, and on that basis, deny them.

*The Blair Matter*

74.     Defendants admit the allegations in Paragraph 74 of the Complaint.

75.     Defendants admit the allegations in Paragraph 75 of the Complaint.

76.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 76 of the , and on that basis, deny them.

77.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 77 of the Complaint, and on that basis, deny them.

78.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 78 of the Complaint, and on that basis, deny them.

79.     Defendants admit the allegations in Paragraph 79 of the Complaint.

80.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 80 of the Complaint, and on that basis, deny them.

81.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 81 of the Complaint, and on that basis, deny them.

82.     Defendant BJS admits that it disbursed certain funds from the Blair settlement proceeds on or about January 11, 2017. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendant BJS responds to the allegations in the subparts of Paragraph 83 as set forth below. Except as expressly admitted, Defendant BJS denies the allegations contained in Paragraph 83 of the Complaint and its subparts. Defendant JJM lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 83 of the Complaint and its subparts, and on that basis, denies them.

   a.   In response to Paragraph 83(a) of the Complaint, Defendant BJS admits that it and RJC together purchased a group of PFNs from Bode Capital, LLC. Except as expressly admitted, Defendant BJS denies the allegations contained in Paragraph 83(a) of the Complaint.

   b.   Defendant BJS admits the allegations in Paragraph 83(b) of the Complaint.

   c.   Defendant BJS admits the allegations in Paragraph 83(c) of the Complaint.

   d.   Defendant BJS denies the allegations in Paragraph 83(d) of the Complaint.

    e.   Defendant BJS admits that it sent $500,000 to Bode. Except as expressly admitted, Defendant BJS denies the allegations contained in Paragraph 83(e) of the Complaint.

    f.   Defendant BJS admits that there is a letter agreement dated October 20, 2016. Except as expressly admitted, Defendant BJS denies the allegations in Paragraph 83(f) of the Complaint. The document described in Paragraph 83(f) of the Complaint is the best evidence of the terms thereof and speaks for itself.

84.    Defendant BJS denies the allegations in Paragraph 84 of the Complaint and its subparts. Paragraph 84 does not set forth any allegations with regard to Defendant JJM, and therefore, no answer from JJM is required. To the extent any response is required, JJM lacks sufficient information to admit or deny the allegations contained in Paragraph 84 of the Complaint, and on that basis, denies them.

85.    Defendant BJS admits to sending $15,000 to Mike Smith. Defendant BJS lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 85 of the Complaint, and on that basis, denies them. Paragraph 85 of the Complaint does not set forth any allegations with regard to Defendant JJM, and therefore, no answer from JJM is required. To the extent any response is required, Defendant JJM lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 85 of the Complaint, and on that basis, denies them.

86.    Defendant BJS admits that $1,400,290 from the Blair transaction was divided evenly between BJS and the Debtor, such that each was to receive $700,145. Except as expressly admitted, Defendant BJS denies the allegations contained in Paragraph 86 of the Complaint. Paragraph 86 does not set forth any allegations with regard to Defendant JJM, and therefore, no

answer from JJM is required. To the extent any response is required, JJM lacks sufficient information to admit or deny the allegations contained in Paragraph 86 of the Complaint, and on that basis, denies them.

87.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 87 of the Complaint, and on that basis, deny them.

88.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 87 of the Complaint, and on that basis, deny them.

89.     The allegations in Paragraph 89 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     The Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     The allegations in Paragraph 91 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 92 of the Complaint, and on that basis, deny them.

93.     The allegations in Paragraph 93 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     Defendants deny that Plaintiff has accurately described the "Blair Transfers." Defendant BJS admits that it benefited from money received from the Blair settlement, but otherwise denies the allegations contained in Paragraph 94 of the Complaint. Defendant JJM lacks

sufficient knowledge or information to admit or deny the allegations in Paragraph 94 of the Complaint, and on that basis, denies them.

*The Cooperstone Matter*

95.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 95 of the Complaint, and on that basis, deny them.

96.    Defendants admit that Mr. Cooperstone died and that a death benefit was paid in 2016. Except as expressly admitted, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 96 of the Complaint, and on that basis, deny them.

97.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 97 of the Complaint, and on that basis, deny them.

98.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 98 of the Complaint, and on that basis, deny them.

99.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 99 of the Complaint and its subparts, and on that basis, deny them.

100.    The allegations in Paragraph 100 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, Defendant BJS denies the allegations contained in Paragraph 100 of the Complaint. Paragraph 100 of the Complaint does not set forth any allegations with regard to Defendant JJM, and therefore, no answer from JJM is required. To the extent any response is required, JJM lacks sufficient information to admit or deny the allegations contained in Paragraph 100 of the Complaint, and on that basis, denies them.

101.    Defendant BJS admits that it was to receive $294,479 from the Cooperstone transaction. Defendant BJS lacks sufficient knowledge or information to admit or deny the

remaining allegations contained in Paragraph 101 of the Complaint, and on that basis, denies them.

Defendant BJS denies that the Plaintiff has accurately described the Cooperstone transaction.

Paragraph 101 does not set forth any allegations with regard to Defendant JJM, and therefore, no

answer from JJM is required. To the extent any response is required, Defendant JJM lacks

sufficient knowledge or information to admit or deny the allegations in Paragraph 101, and on that

basis, denies them.

102.     Defendant BJS admits the allegations contained in the third sentence of Paragraph

102 of the Complaint. Defendant BJS lacks sufficient knowledge or information to admit or deny

the remaining allegations in Paragraph 102, and on that basis, denies them. Defendant BJS denies

that the Plaintiff has accurately described the disbursements from the Blair and Cooperstone

transactions. Defendant JJM lacks sufficient knowledge or information to admit or deny the

allegations in Paragraph 102, and on that basis, denies them.

103.     Defendant BJS admits that the Debtor was to pay $294,479 to BJS from the

Cooperstone transaction and that BJS was to pay the Debtor $700,145 from the Blair transaction.

Except as expressly admitted, the allegations in Paragraph 103 of the Complaint are denied.

Defendant JJM lacks sufficient knowledge or information to admit or deny the allegations in

Paragraph 103 of the Complaint, and on that basis, denies them.

104.     The allegations of Paragraph 104 of the Complaint are admitted with respect to

Defendant BJS. Defendant JJM lacks sufficient knowledge or information to admit or deny the

allegations in Paragraph 104 of the Complaint, and on that basis, denies them.

105.     Defendants lack sufficient knowledge or information to admit or deny the

allegations in Paragraph 105 of the Complaint, and on that basis, deny them.

106.   The allegations in Paragraph 106 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 106 of the Complaint.

107.   Defendants deny the allegations in Paragraph 107 of the Complaint.

108.   The allegations in Paragraph 108 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 108 of the Complaint.

109.   The allegations in Paragraph 109 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 109 of the Complaint.

*The Becker Matter*

110.   Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 110 of the Complaint, and on that basis, deny them.

111.   Defendants admit that Mr. Becker died. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 111 of the Complaint, and on that basis, deny them.

112.   Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 112 of the Complaint, and on that basis, deny them.

113.   Defendant BJS admits the allegations in Paragraph 113 of the Complaint. Paragraph 113 of the Complaint does not set forth any allegations with regard to Defendant JJM, and therefore, no answer from JJM is required. To the extent any response is required, Defendant JJM lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 113 of the Complaint, and on that basis, denies them.

114.    Defendant BJS admits the allegations in Paragraph 114 of the Complaint. Paragraph 114 of the Complaint does not set forth any allegations with regard to Defendant JJM, and therefore, no answer from JJM is required. To the extent any response is required, Defendant JJM lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 114 of the Complaint, and on that basis, denies them.

115.    Defendant BJS admits the allegations of Paragraph 115 of the Complaint and its subparts inasmuch as the term "Defendant" applies to BJS. Defendant JJM lacks sufficient information to admit or deny the allegations in Paragraph 115 of the Complaint and its subparts, and on that basis, denies them.

116.    Defendant BJS admits the allegations in Paragraph 116 of the Complaint. Defendant JJM lacks sufficient information to admit or deny the allegations in Paragraph 116 of the Complaint, and on that basis, denies them.

117.    Defendant BJS admits the allegations in Paragraph 117 of the Complaint. Paragraph 117 of the Complaint does not set forth any allegations with regard to Defendant JJM, and therefore, no answer from JJM is required. To the extent any response is required, Defendant JJM lacks sufficient information to admit or deny the allegations in Paragraph 117 of the Complaint, and on that basis, denies them.

118.    Defendant BJS denies the allegations in Paragraph 118 of the Complaint. Paragraph 118 of the Complaint does not set forth any allegations with regard to Defendant JJM, and therefore, no answer from JJM is required. To the extent any response is required, Defendant JJM lacks sufficient information to admit or deny the allegations in Paragraph 118 of the Complaint, and on that basis, denies them.

119.    Defendant BJS admits that settlement proceeds in the amount of $21,350 were wired directly to it. Defendant BJS responds to the allegations in the subparts of Paragraph 119 as set forth below. Except as expressly admitted, Defendant BJS denies the allegations contained in Paragraph 119 of the Complaint and its subparts. Paragraph 119 and its subparts do not set forth any allegations with regard to Defendant JJM, and therefore, no answer from JJM is required. To the extent any response is required, Defendant JJM lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 119 of the Complaint and its subparts, and on that basis, denies them.

   a.   Defendant BJS admits the allegations in Paragraph 119(a) of the Complaint, except that Defendant BJS believes that the alleged amount it received contains a typographical error. Defendant BJS admits that $21,350 was wired directly to it.

   b.   Defendant BJS lacks sufficient information to admit or deny the allegations in Paragraph 119(b) of the Complaint, and on that basis, denies them.

   c.   Defendant BJS lacks sufficient information to admit or deny the allegations in Paragraph 119(c) of the Complaint, and on that basis, denies them.

120.    The allegations in Paragraph 120 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 120 of the Complaint, and on that basis, deny them.

121.    The Defendants deny the allegations in Paragraph 121 of the Complaint.

122.    The allegations in Paragraph 122 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.   The allegations in Paragraph 123 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.   Defendant BJS admits that it benefited from the Becker transfer. Except as expressly admitted, Defendant BJS denies the allegations of Paragraph 124. Paragraph 124 of the Complaint does not set forth any allegations with regard to Defendant JJM, and therefore, no answer from JJM is required. To the extent any response is required, Defendant JJM lacks sufficient information to admit or deny the allegations in Paragraph 124 of the Complaint, and on that basis, denies them.

*Transfer of $545,500 to BJS*

125.   Defendant BJS admits that it received a wire transfer of $545,500 from the Debtor on December 31, 2015. Except as expressly admitted, Defendant BJS denies the allegations in Paragraph 125 of the Complaint. Paragraph 125 of the Complaint does not set forth any allegations with regard to Defendant JJM, and therefore, no answer from JJM is required. To the extent any response is required, Defendant JJM lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 125 of the Complaint, and on that basis, denies them.

126.   Paragraph 126 contains legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 126 of the Complaint, and on that basis, deny them.

127.   Defendant BJS admits that it received $545,500 from funds related to the LT Funding transaction, but denies the remaining allegations contained in Paragraph 127 of the Complaint. Defendant JJM lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 127 of the Complaint, and on that basis, denies them. Defendants

specifically deny participating in any improper or illegal activity or "scheme" related to Freedom Communications.

128.    The Defendants deny the allegations in Paragraph 128 of the Complaint.

129.    The Defendants deny the allegations in Paragraph 129 of the Complaint.

130.    The allegations in Paragraph 130 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 130 of the Complaint.

131.    The allegations in Paragraph 131 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 131 of the Complaint.

### *Transfer of $472,479 to BJS*

132.    Defendant BJS admits that it received a wire transfer in the amount of $472,479 from the Debtor on or about November 13, 2017. Except as expressly admitted, Defendant BJS denies the allegations in Paragraph 132 of the Complaint. Paragraph 132 of the Complaint does not set forth any allegations with regard to Defendant JJM, and therefore, no answer from JJM is required. To the extent any response is required, Defendant JJM lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 132 of the Complaint, and on that basis, denies them.

133.    The Defendants deny the allegations in Paragraph 133 of the Complaint.

134.    The allegations in Paragraph 134 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 134 of the Complaint, and on that basis, deny them.

135.    The Defendants deny the allegations in Paragraph 135 of the Complaint.

136.    The allegations in Paragraph 136 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 136 of the Complaint.

137.    The allegations in Paragraph 137 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 137 of the Complaint.

*Transfer of $76,081.96 to BJS-LLC*

138.    The Defendants deny the allegations in Paragraph 138 of the Complaint.

139.    The Defendants deny the allegations in Paragraph 139 of the Complaint.

140.    The Defendants deny the allegations in Paragraph 140 of the Complaint.

141.    The Defendants deny the allegations in Paragraph 141 of the Complaint.

142.    The Defendants deny allegations in Paragraph 142 of the Complaint.

143.    The Defendants deny the allegations in Paragraph 143 of the Complaint.

*Transfer of Beneficiary to Life Insurance Policy*

144.    The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 144 of the Complaint, and on that basis, deny them.

145.    The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 145 of the Complaint, and on that basis, deny them.

146.    The Defendants admit the allegations in Paragraph 146 of the Complaint.

147.    The document referenced in Paragraph 147 of the Complaint is the best evidence of the terms thereof and such document speaks for itself.  With respect to the remaining allegations

in Paragraph 147 of the Complaint, Defendants lack sufficient knowledge or information to admit

or deny such allegations, and on that basis, deny them.

148.    The document referenced in Paragraph 148 of the Complaint is the best evidence

of the terms thereof and such document speaks for itself. Defendants otherwise lack sufficient

knowledge or information to admit or deny the allegations in Paragraph 148 of the Complaint, and

on that basis, deny them.

149.    The allegations in Paragraph 149 of the Complaint constitute legal conclusions to

which no response is required. To the extent any response is required, the Defendants deny the

allegations contained in Paragraph 149 of the Complaint.

150.    Defendants lack sufficient knowledge or information to admit or deny the

allegations in Paragraph 150 of the Complaint, and on that basis, deny them.

*Transfer of Inventory to BJS*

151.    Defendant BJS admits that, pursuant to a Note Purchase and Sale Agreement dated

April 5, 2019, the Debtor transferred a number of PFNs to Defendant BJS. Except as expressly

admitted, Defendant BJS denies the remaining allegations in Paragraph 151 of the Complaint.

Paragraph 151 of the Complaint does not set forth any allegations with regard to Defendant JJM,

and therefore, no answer from JJM is required. To the extent any response is required, Defendant

JJM lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 151

of the Complaint, and on that basis, denies them.

152.    Defendants lack sufficient knowledge or information to admit or deny the

allegations in Paragraph 152 of the Complaint, and on that basis, deny them.

153.    Defendants lack sufficient knowledge or information to admit or deny the

allegations in Paragraph 153 of the Complaint, and on that basis, deny them.

154.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 154 of the Complaint, and on that basis, deny them.

155.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 155 of the Complaint, and on that basis, deny them.

156.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 156 of the Complaint, and on that basis, deny them.

157.    The allegations in Paragraph 157 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158.    The allegations in Paragraph 158 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations contained in Paragraph 158 of the Complaint.

*Summary*

159.    Defendant BJS admits that the Debtor transferred $545,500 to BJS on December 31, 2015. Defendant BJS admits that the Debtor transferred $472,479 to BJS in connection with the Becker transfer. Defendant BJS admits that the Debtor transferred an inventory of PFNs to BJS on April 5, 2019. Except as expressly admitted, the Defendants deny the allegations in Paragraph 159 of the Complaint. Defendants expressly deny that Plaintiff has accurately described the alleged transfers of money and property from the Debtor to the Defendants.

160.    The allegations in Paragraph 160 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161.    The Defendants deny the allegations in Paragraph 161 of the Complaint.

162.    The allegations in Paragraph 162 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.    The allegations in Paragraph 163 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164.    The allegations in Paragraph 164 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 164 of the Complaint, and on that basis, deny them.

165.    The allegations in Paragraph 165 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 165 of the Complaint, and on that basis, deny them.

166.    The allegations in Paragraph 166 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations contained in Paragraph 166 of the Complaint.

<u>**Response to "COUNT I – Avoidance of All Transfers
11 U.S.C. § 544(b), 28 U.S.C. §§ 3304(a)(1) and 3306"**</u>

167.    In response to Paragraph 167 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 166 of the Complaint as if fully set forth herein.

168.    The allegations in Paragraph 168 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the

allegations in Paragraph 168 of the Complaint. Defendants specifically deny that Plaintiff has accurately described the transfers of money or property from the Debtor to BJS or JJM.

169.   The Defendants deny the allegations in Paragraph 169 of the Complaint.

170.   The allegations in Paragraph 170 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 170 of the Complaint, and on that basis, deny them.

171.   The allegations in Paragraph 171 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 171 of the Complaint

172.   The allegations in Paragraph 172 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 172 of the Complaint.

173.   The allegations in Paragraph 173 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 173 of the Complaint, and on that basis, deny them.

174.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 174 of the Complaint, and on that basis, deny them.

175.   The allegations in Paragraph 175 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 175 of the Complaint, and on that basis, deny them.

176.     The allegations in Paragraph 176 of the Complaint constitutes legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 176 of the Complaint.

### Response to "COUNT II – Avoidance of All Transfers, in the alternative to Count I, 11 U.S.C. § 544(b), 28 U.S.C. §§ 3304(b)(1)(A) and 3306"

177.     In response to Paragraph 177 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 176 of the Complaint as if fully set forth herein.

178.     The allegations in Paragraph 178 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 178 of the Complaint. Defendants specifically deny that Plaintiff has accurately described the transfers of money or property from the Debtor to BJS or JJM.

179.     The Defendants deny the allegations in Paragraph 179 of the Complaint.

180.     The allegations in Paragraph 180 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 180 of the Complaint, and on that basis, deny them. Defendants specifically deny participating in any unlawful, fraudulent, or deceptive scheme.

181.     The allegations in Paragraph 181 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 181 of the Complaint.

182.     The Defendants deny the allegations in Paragraph 182 of the Complaint.

183.     The allegations in Paragraph 183 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient

knowledge or information to admit or deny the allegations in Paragraph 183 of the Complaint, and on that basis, deny them.

184.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 184 of the Complaint, and on that basis, deny them.

185.    The allegations in Paragraph 185 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 185 of the Complaint, and on that basis, deny them.

186.    The allegations in Paragraph 186 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 186 of the Complaint.

### COUNT III – Avoidance of All Transfers, in the alternative to Counts I-II, 11 U.S.C. § 544(b), 28 U.S.C. §§ 3304(b)(1)(B) and 3306

187.    In response to Paragraph 187 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 186 of the Complaint as if fully set forth herein.

188.    The allegations in Paragraph 188 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 188 of the Complaint.  Defendants specifically deny that Plaintiff has accurately described the transfers of money or property from the Debtor to BJS or JJM.

189.    The Defendants deny the allegations in Paragraph 189 of the Complaint.

190.    The allegations in Paragraph 190 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 190 of the Complaint, and on that basis, deny them.

191.    The allegations in Paragraph 191 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 191 of the Complaint.

192.    The allegations in Paragraph 192 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 192 of the Complaint, and on that basis, deny them.

193.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 193 of the Complaint, and on that basis, deny them.

194.    The allegations in Paragraph 194 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 194 of the Complaint, and on that basis, deny them.

195.    The allegations in Paragraph 195 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 195 of the Complaint.

**Response to "COUNT IV –
Avoidance of Certain Transfers, in the alternative to Counts I-III, 11 U.S.C. § 544(b), N.C.
Gen Stat. § 39-23.1 et seq. (alleging both constructive fraud
and actual fraud, in the alternative)"**

196.    In response to Paragraph 196 of the Complaint, Defendants repeat and reallege their responses Paragraphs 1 through 195 of the Complaint as if fully set forth herein.

197.    The allegations in Paragraph 197 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the

28

allegations in Paragraph 197 of the Complaint. Defendants specifically deny that Plaintiff has accurately described the transfers of money or property from the Debtor to BJS or JJM.

198.     The Defendants deny the allegations in Paragraph 198 of the Complaint.

199.     The allegations in Paragraph 199 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 199 of the Complaint, and on that basis, deny them.

200.     The allegations in Paragraph 200 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 200 of the Complaint.

201.     The allegations in Paragraph 201 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 201, and on that basis, deny them. Defendants specifically deny participating in any unlawful, fraudulent, or deceptive scheme.

202.     The allegations in Paragraph 202 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 202 of the Complaint.

203.     The allegations in Paragraph 203 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 203 of the Complaint, and on that basis, deny them.

204.    The Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 204 of the Complaint, and on that basis, deny them.

205.    The allegations in Paragraph 205 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 205 of the Complaint, and on that basis, deny them.

206.    The allegations in Paragraph 206 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 206.

**Response to "COUNT V- Avoidance of Certain Transfers in the alternative to Counts I-IV, 11 U.S.C. § 548 (alleging both constructive fraud and actual fraud, in the alternative)"**

207.    In response to Paragraph 207 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 206 of the Complaint as if fully set forth herein.

208.    The allegations in Paragraph 208 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 208 of the Complaint. Defendants specifically deny that Plaintiff has accurately described the transfers of money or property from the Debtor to BJS or JJM.

209.    The Defendants deny the allegations in Paragraph 2019 of the Complaint.

210.    The allegations in Paragraph 210 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 210 of the Complaint, and on that basis, deny them.

211.    The allegations in Paragraph 211 constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 211 of the Complaint.

212.    The allegations in Paragraph 212 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 212, and on that basis, deny them. Defendants specifically deny participating in any unlawful, fraudulent, or deceptive scheme.

213.    The allegations in Paragraph 213 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 213 of the Complaint.

214.    The Defendants deny the allegations in Paragraph 214 of the Complaint.

215.    The allegations in Paragraph 215 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 215 of the Complaint, and on that basis, deny them.

216.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 216 of the Complaint, and on that basis, deny them.

217.    The allegations in Paragraph 217 of the complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 217 of the Complaint, and on that basis, deny them.

218.     The allegations in Paragraph 218 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 218.

**Response to "COUNT VI: Recovery of Transfers pursuant to 11 U.S.C. § 550"**

219.     In response to Paragraph 219 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 218 of the Complaint as if fully set forth herein.

220.     The allegations in Paragraph 220 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 220 of the Complaint. Defendants specifically deny that Plaintiff has accurately described the transfers of money or property from the Debtor to BJS or JJM.

221.     The allegations in Paragraph 221 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 221 of the Complaint. Defendants specifically deny that Plaintiff has accurately described the transfers of money or property from the Debtor to BJS or JJM.

222.     The allegations in Paragraph 222 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 222 of the Complaint. Defendants specifically deny that Plaintiff has accurately described the transfers of money or property from the Debtor to BJS or JJM.

223.     The allegations in Paragraph 223 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 223 of the Complaint.

224.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 224 of the Complaint and, on that basis, deny them.

225.    The allegations in Paragraph 225 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 225 of the Complaint.

226.    The allegations in Paragraph 226 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the Defendants deny the allegations in Paragraph 226 of the Complaint.

## GENERAL DENIAL

Except as to those allegations that Defendants expressly admitted above or those as to which Defendants lack sufficient knowledge or information to admit or deny (and which are therefore denied by rule), Defendants deny each and every allegation contained in the Complaint, including, without limitation, the prayer for relief, the "WHEREFORE" clauses, the footnotes, and the headings contained in the Complaint. Defendants further state that the documents described in the Complaint are the best evidence of the terms thereof. Defendants expressly reserve the right to amend and/or supplement their answer and affirmative defenses.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.    The relief requested in the Complaint should be denied in whole or part because none of Defendants' actions actually or proximately caused the purported losses to Plaintiff or any other party.

### THIRD AFFIRMATIVE DEFENSE

3.       The relief requested in the Complaint should be denied in whole or part because the

transfers made to or for the benefit of Defendants, if any, were for value, in good faith, and without

knowledge of the voidability of the transfer.

### FOURTH AFFIRMATIVE DEFENSE

4.       The relief requested in the Complaint should be denied in whole or part because

Defendants had no knowledge, and no reason to know, of any of the fraudulent, or otherwise

wrongful, conduct alleged in the Complaint or the alleged voidability of the transfers.

### FIFTH AFFIRMATIVE DEFENSE

5.       The relief requested in the Complaint should be denied in whole or part because

Defendants gave good, fair, and reasonably equivalent value for interests acquired with respect to

the Transfers and all other business transactions with Debtor and/or any other entity or person.

### SIXTH AFFIRMATIVE DEFENSE

6.       The relief requested in the Complaint should be denied in whole or part because

Plaintiff would be unjustly enriched should it recover on its claims for relief against Defendants

because Defendants gave good, fair, and reasonably equivalent value, and as a result, the Debtor

generated significant value that neither it nor the estate would have otherwise received.

### SEVENTH AFFIRMATIVE DEFENSE

7.       The relief requested in the Complaint should be denied in whole or part to the extent

that Defendants are or were entitled to setoff and/or liens for all amounts already paid by, or on

behalf of, Defendants or any third party resulting from, for the benefit of, or otherwise in relation

to the transfers in question and any other property or matter at issue.

## EIGHTH AFFIRMATIVE DEFENSE

8.     The relief requested in the Complaint should be denied in whole or part because it fails to set forth any facts sufficient to allege that the transactions alleged in the Complaint were made with the actual intent to hinder, delay or defraud.

## NINTH AFFIRMATIVE DEFENSE

9.     The relief requested in the Complaint should be denied in whole or part because Plaintiff, PBGC, and/or relevant creditors have failed to take reasonable steps to mitigate their alleged damages, if any, thus barring or diminishing their recovery.

## TENTH AFFIRMATIVE DEFENSE

10.     The relief requested in the Complaint should be denied in whole or part because neither Plaintiff nor any creditors suffered any injury or damages as a result of any act or omission by Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     To the extent that Plaintiff succeeds on any of the relief sought in the Complaint as against Defendants or otherwise, to all of which relief Defendants expressly deny Plaintiff is entitled, Defendants hereby assert, as a good faith transferee, its lien on any and all recovered property pursuant to 11 U.S.C. § 550(e)(1) and for all amounts allowed under § 550, including, but not limited to, all payments made towards liens, insurance premiums, taxes, and other amounts paid to preserve or benefit the property transferred to Defendants, including but not limited to the Inventory.

## TWELFTH AFFIRMATIVE DEFENSE

12.     The relief requested in the Complaint should be denied in whole or part because the

transfers referenced in the Complaint made to or for the benefit of Defendants, if any, were not made

when the Debtor was insolvent and did not render the Debtor insolvent.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     The relief requested in the Complaint should be denied in whole or part because

Plaintiff's damages, if any, were caused by the acts or omissions of third parties, including Plaintiff,

over which Defendants had no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     The relief requested in the Complaint should be denied in whole or part, to the

extent that the Plaintiff's right to recovery has already been satisfied pursuant to 11 U.S.C. §

550(d).

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     The relief requested in the Complaint should be denied in whole or in part because

no creditor existed at the time of the transfers referenced in the Complaint to provide the Plaintiff

with standing under 11 U.S.C. § 544.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Pursuant to *Stern v. Marshall*, 131 S.Ct. 2594 (2011), and 28 U.S.C. § 157(c)(1),

the United States Bankruptcy Court for the Western District of North Carolina lacks judicial

authority to adjudicate any of the causes of action against Defendants because neither of the

Defendants filed a proof of claim in the Debtor's bankruptcy case.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     The Plaintiff is barred under 11 U.S.C. § 546 from avoiding any transfers not specifically identified in the original Complaint filed in this adversary proceeding.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     The Complaint is barred by the doctrines of laches, unclean hands, estoppel, waiver, and/or *in pari delicto*, as, upon information and belief, the Debtor's officers, directors, members, managers, employees and/or otherwise authorized representatives participated in the various alleged transactions in an attempt to generate revenue and funding for the Debtor.

## JURY TRIAL DEMANDED

19.     Defendants requests a jury trial on all issues so triable.

## WITHDRAWAL OF THE REFERENCE

20.     Defendants expressly reserve their right to move the United States District Court for the Western District of North Carolina to withdraw the reference with respect to the above-referenced adversary proceeding pursuant to Rule 5011 of the Federal Rules of Bankruptcy Procedure.

## REQUEST FOR RELIEF

WHEREFORE, Defendants request that judgment be entered in their favor as follows:

1.     Dismissing the Complaint as against them with no recovery awarded to Plaintiff;

2.     Awarding costs, disbursements, and attorneys' fees to Defendants;

3.     Awarding Defendants a lien pursuant to 11 U.S.C. § 550(e)(1), to the extent that Plaintiff succeeds on any claim as against them; and

4.     Awarding Defendants such other relief as this Court deems to be just and proper.

This is the 4th day of May, 2022.

**K&L GATES, LLP**

*/s/ Margaret R. Westbrook*
Margaret R. Westbrook
North Carolina State Bar No. 23327
John R. Gardner
North Carolina State Bar No. 32683
Emily K. Mather
North Carolina State Bar No. 47925
K&L Gates LLP
Post Office Box 17047 (27619-7047)
4350 Lassiter at North Hills Ave., Suite 300
Raleigh, North Carolina 27609
Telephone:  (919) 743-7311
Facsimile:  (919) 516-2011
E-mail:  Margaret.Westbrook@klgates.com
         John.Gardner@klgates.com
         Emily.Mather@klgates.com

*Counsel for Defendants BJS Insurance, LLC and JJM, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer and Affirmative Defenses of Defendants BJS Insurance, LLC and JJM, LLC was filed electronically in accordance with the local rules and was therefore served electronically on those entities that have properly registered for electronic service.

Dated: May 4, 2022

*/s/ Margaret R. Westbrook*
Margaret R. Westbrook