IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| **JTR1, LLC f/d/b/a JTR, LLC** | ) | |
| | ) | Case No. 20-30141 |
| Debtor. | ) | |
| | ) | |
| **A. Burton Shuford, Trustee of the** | ) | |
| **Bankruptcy Estate of JTR1, LLC** | ) | |
| **f/d/b/a JTR, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. 22-03018 |
| vs. | ) | |
| | ) | |
| **BJS Insurance, LLC** and **JJM, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **RESPONSE AND OBJECTION TO JOINDER TO MOTIONS TO DISMISS**

NOW COMES Plaintiff A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC (the "Trustee" or "Plaintiff") in compliance with Local Rule of Bankruptcy Procedure 7007-1 and respectfully submits this Response and Objection in opposition to the Joinder to Motions to Dismiss (the "Motion") filed by Defendants BJS Insurance, LLC and JJM, LLC (collectively, the "Defendants") pursuant to Bankruptcy Rule 7012(b) and Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## **FACTS**

1. The Plaintiff is the duly appointed, acting, and qualified Chapter 7 Trustee for the Bankruptcy Estate of the Debtor.

2. JTR1, LLC, a Delaware limited liability company, f/d/b/a JTR, LLC (the "Debtor") is the debtor in the bankruptcy case bearing Case Number 20-30141 (the "Bankruptcy Case"), filed

on February 6, 2020 (the "Petition Date"), and pending in the Bankruptcy Court for the Western

District of North Carolina (the "Court").

3.      Plaintiff filed the Complaint in this Adversary Proceeding on February 4, 2022

[Dkt. #1].

4.      The Summons and Complaint were served on Defendants on February 8, 2022 by

regular U.S. Mail and Certified Mail, Return Receipt Requested [Dkt. #3].

5.      A *Consent Order* extending the time for Defendants to respond to the Complaint

was entered on April 13, 2022 [Dkt. #7].

6.      Defendants were granted an extension to respond to the Complaint to May 4, 2022.

7.      Defendants filed their Motion on May 4, 2022 [Dkt. #8].

## OVERVIEW OF OPPOSITION

### *§ 544(b) and the FDCPA – "appropriate creditor" and "applicable law"*

8.      Section 544(b) provides that a trustee may avoid a transfer of a debtor's interest in

property that is voidable under applicable law by a creditor holding an allowed unsecured claim.

9.      In the Motion, the Defendants rely on two primary arguments in opposition to the

Complaint.  First, Defendants argue that "applicable law" should not include the Federal Debt

Collection Procedures Act (the "FDCPA") appearing at 28 U.S.C. § 3301 *et seq*. Second,

Defendants argue that the PBGC should not be construed as a "creditor" for purposes of the statute.

10.     As the Plaintiff will discuss more fully in its Brief in Opposition to the Motion,

there is a significant body of caselaw on the interpretation of these issues.  Courts have been split

on whether the FDCPA should fall within the meaning of the phrase "applicable law" and whether

government agencies, such as the IRS or the PBGC should be "creditors" for purposes of Section

544(b).  The majority of Courts, including the Bankruptcy Courts for the Western District of North

Carolina and the District of South Carolina have found that these claims may proceed. *See, e.g.*
*Vieira v. Gaither (In re Gaither)*, 595 B.R. 201 (D.S.C. 2018), *Mitchell v. Zagaroli (In re*
*Zagaroli)*, 126 A.F.T.R.2d 2020-6749 (2020 WL 6495156) (Bankr. W.D.N.C. 2020). This is the
correct result based on the plain language of the statute.

### ***Durango-Georgia Paper Co. v. H.G. Estate, LLC***

11.     In the Motion, the Defendants further rely on the *Durango-Georgia Paper Co. v.*
*H.G. Estate, LLC* case. 739 F.3d 1263 (11th Cir. 2014). The *Durango-Georgia Paper Co.* case
focuses on the ability of a bankruptcy trustee to determine which parties may be liable for ERISA
claims. 739 F.3d 1263, 1268-69.

12.     The opinion contains no analysis of the application or meaning of either (i) § 544(b)
of the Bankruptcy Code or (ii) the FDCPA.

13.     Based on the plain language of § 544(b) and the FDCPA, the Trustee has the ability
to pursue the claims asserted in this case. *See, e.g.* 11 U.S.C. § 544(b), 28 U.S.C. § 3306, *Vieira*
*v. Gaither (In re Gaither)*, 595 B.R. 201 (D.S.C. 2018), *Hillen v. City of Many Trees, LLC (In re*
*CVAH, Inc.)*, 570 B.R. 816 (Bankr. D. Idaho 2017), *Mitchell v. Zagaroli (In re Zagaroli)*, 126
A.F.T.R.2d 2020-6749 (2020 WL 6495156) (Bankr. W.D.N.C. 2020).

14.     The *Durango-Georgia Paper Co.* case has no impact on the interpretation of the
statutes at issue in this case or on the analyses provided in the relevant case law.

## <u>CONCLUSION</u>

Based on the foregoing, on the Brief in Opposition to the Motion, which the Plaintiff will
file in compliance with Local Rule 9013-2, and such arguments as the Plaintiff may submit at the
hearing on this matter, Plaintiff respectfully requests that this Court deny Defendants' Motion.

Dated: May 18, 2022
      Charlotte, North Carolina

HAMILTON STEPHENS
STEELE + MARTIN, PLLC


*/s/ Melanie D. Johnson Raubach*

Melanie D. Johnson Raubach (NC Bar No. 41929)
525 North Tryon Street, Suite 1400
Charlotte, North Carolina 28202
Telephone: (704) 344-1117
Facsimile:  (704) 344-1483
mraubach@lawhssm.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, copies of the foregoing were served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case.

Dated: May 18, 2022
        Charlotte, North Carolina

                                    /s/ Melanie D. Johnson Raubach
                                    Melanie D. Johnson Raubach

HAMILTON STEPHENS
STEELE + MARTIN, PLLC
525 North Tryon Street, Suite 1400
Charlotte, NC  28202