IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| **JTR1, LLC f/d/b/a JTR, LLC** ) | |
| ) | Case No. 20-30141 |
| Debtor. ) | |
| ) | |
| **A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC,** ) ) ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adv. Proc. No. 22-03018 |
| vs. ) | |
| ) | |
| **BJS Insurance, LLC** and **JJM, LLC,** ) | |
| ) | |
| Defendants. ) | |

### SUPPLEMENT TO RESPONSE AND OBJECTION
### TO JOINDER TO MOTIONS TO DISMISS

NOW COMES Plaintiff A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC (the "Trustee" or "Plaintiff") and respectfully submits this Supplement to Response and Objection in Opposition to the Joinder to Motions to Dismiss (the "Motion") filed by Defendants BJS Insurance, LLC and JJM, LLC (collectively, the "Defendants") pursuant to Bankruptcy Rule 7012(b) and Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### BACKGROUND

1.  The initial hearing on the Motion was held on May 31, 2022 (the "Hearing").

2.  At the Hearing, several legal issues arose, which had not previously been briefed by the parties. The Court authorized the parties to submit supplemental filings on or before June 7, 2022. This filing is submitted in compliance therewith.

1

# ARGUMENT

## I.  29 U.S.C. § 1369 Does Not Apply

3. Defendants argue that the PBGC may not rely on the Federal Transfer Act because the Federal Transfer Act states "[t]o the extent that another Federal Law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter." 28 U.S.C. § 3001(b). Defendants argue that 29 U.S.C. § 1369 qualifies as a federal law, which "specifies procedures for recovering" fraudulent transfers, such as the transfers in this case. As such, Defendants would have the court determine that the PBGC is restricted to the procedures set forth in Section 1369 and barred from asserting claims under the Federal Transfer Act. There are a few problems with the Defendants' arguments.

### *The scope of § 1369 is too narrow.*

4. First, the scope of ERISA Section 1369 is both narrow and specific. See 29 U.S.C. § 1369. Under the express terms of Section 1369, the statute is intended to apply to liability arising from the termination of a plan. See 29 U.S.C. § 1369. The full text of Section 1369 is as follows:

> § 1369. Treatment of transactions to evade liability; effect of corporate reorganization
>
> **(a) Treatment of transactions to evade liability**
>
> If a principal purpose of any person in entering into any transaction is to evade liability to which such person would be subject under this subtitle and the transaction becomes effective within five years before the termination date *of the termination on which such liability would be based*, then such person and the members of such person's controlled group (determined as of the termination date) **shall be subject to liability under this subtitle in connection with such termination** as if such person were a contributing sponsor of the terminated plan as of the termination date. This subsection shall not cause any person to be liable under this subtitle *in connection with such plan termination* for any

2

increases or improvements in the benefits provided under the plan which are adopted after the date on which the transaction referred to in the preceding sentence becomes effective.

**(b) Effect of corporate reorganization**

For purposes of this subtitle, the following rules apply in the case of certain corporate reorganizations:

**(1) Change of identity, form, etc.**

If a person ceases to exist by reason of a reorganization which involves a mere change in identity, form, or place of organization, however effected, a successor corporation resulting from such reorganization shall be treated as the person to whom this subtitle applies.

**(2) Liquidation into parent corporation**

If a person ceases to exist by reason of liquidation into a parent corporation, the parent corporation shall be treated as the person to whom this subtitle applies.

**(3) Merger, consolidation, or division**

If a person ceases to exist by reason of a merger, consolidation, or division, the successor corporation or corporations shall be treated as the person to whom this subtitle applies.

29 U.S.C. § 1369. (Emphasis added).

5. Pursuant to the highlighted language of the statute, above, it applies *only* to establishing liability arising from plan termination. Section 1369 does not provide a mechanism for the collection of debts or the recovery of voidable transactions, which is the purpose of the Federal Transfer Act.

6. Second, pursuant to the language of Section 1369, it may only apply in instances where "a principal purpose of any person in entering into any transaction is to evade liability…". The statute provides no remedy for claims of constructive fraud, which are alleged against each of the defendants bringing the motion to dismiss.

7. Third, Section 3001 of the Federal Transfer Act attempts to avoid inconsistent "*procedures* for recovering on a claim or a judgment" 28 U.S.C. § 3001(b). Section 1369 is not a procedural statute.

8. Fourth, "transaction" as used in the statute is not interchangeable with "transfer" as used in the Federal Transfer Act. *See* 29 U.S.C. § 1369 and 28 U.S.C. § 3001(6). The purpose of Section 1369 is to impose liability on *predecessor employers* for unfunded pension liabilities if a principal purpose of a transfer of ownership is to evade liability. *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, C.A.3 (Pa.) 1993, 998 F.2d 1192, certiorari denied 114 S.Ct. 687, 510 U.S. 1042, 126 L.Ed.2d 655, on remand 1999 WL 680185; accord *Durango-Georgia Paper Co. v. H.G. Estate, LLC*, C.A.11 (Ga.) 2014, 739 F.3d 1263 (in which the bankruptcy trustee was attempting to enforce termination damages on the corporation's former owner). A copy of the "Notes of Decisions" relating to 29 U.S.C.A. § 1369 are attached hereto as <u>Exhibit A</u> and incorporated herein by reference. (Emphasis added within exhibit). It is noteworthy that multiple cases identified in the "Notes of Decision" identify Section 1369 as a "predecessor liability provision" and none support an interpretation of this statute as a collection procedure.

9. This understanding of the statute is required by a review of the full language of Section 1369, which (i) references certain specific forms of corporate reorganization in subsection (b); (ii) pulls a "person" back into liability "in connection with…termination as if such person were a contributing sponsor of the terminated plan as of the termination date"; (iii) extends liability to "the members of such person's controlled group"; and (iv) caps liability such that a departing person is not responsible for "increases or improvements in the benefits provided under the plan which are adopted after the date on which the transaction referred to in the preceding sentence becomes effective". 29 U.S.C. § 1369. All of these provisions have a logical nexus with recovery

4

against a prior owner for damages arising upon the termination of a plan. None of these provisions make sense in the context of a fraudulent transfer or collection procedure.

10. Finally, even if Section 1369 did create a procedure for collection, there is nothing in this statute that would make such a procedure the exclusive or sole option available to the PBGC.

11. ERISA Section 1369 and Section 3001 of the Federal Transfer Act do not support the Defendant's argument; they do not bar the Trustee from proceeding on his claims.

### *Timing under 544(a) and 544(b)*

12. The Court raised the question during counsels' oral arguments as to whether there might be a difference in timing between 11 U.S.C. §§ 544(a) and 544(b). The plain language of section 544(a) is clear on this issue. Under section 544(a), "[t]he trustee shall have, *as of the commencement of the case*, and without regard to any knowledge of the trustee or any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . ." *See* 11 U.S.C. §§ 544(a) (emphasis added). Therefore, under § 544(a) a trustee's avoidance powers are initiated at the commencement of the case.

13. The Trustee's avoidance powers under § 544(b) are also initiated at the commencement of the case. Section 544(b)(1) allows the trustee to avoid transfers of the debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502. *See* 11 U.S.C. § 544(b)(1).

14. Section 502(a) allows a claim or interest unless a party in interest objects. Section 502(b) provides as follows: " . . . if such an objection to a claim is made, the court . . . shall determine the amount of such claim in lawful currency of the United States *as of the date of the filing of the petition* . . ." 11 U.S.C. § 502(b) (emphasis added). The date of the filing of the petition is important because it generally fixes the rights of the estate and other parties in interest.

5

*In re DLC, Ltd.*, 295 B.R. 593, 605 (B.A.P. 8th Cir. 2003), *aff'd* 376 F.3d 819 (8th Cir. 2004). While there are exceptions, the rights of the debtor and other parties in interest are generally fixed as of that date. *In re DLC, Ltd.*, 295 B.R. 593, 605.

15.     The trustee is standing in the shoes of a creditor whose claim is determined as of the filing of the petition. Thus, like Section 544(a), Section 544(b) also looks to the filing of the petition for the time that the rights asserted by the trustee arose.

## CONCLUSION

Based on the foregoing, the Response and Objection, the Brief in Opposition to the Motion, the Surreply Brief, and such arguments as the Plaintiff may submit at the hearing on this matter, Plaintiff respectfully requests that this Court deny Defendants' Joinder to Motions to Dismiss.

Dated: June 7, 2022
    Charlotte, North Carolina

            HAMILTON STEPHENS
            STEELE + MARTIN, PLLC

            */s/ Melanie D. Johnson Raubach*
            Melanie D. Johnson Raubach (NC Bar No. 41929)
            525 North Tryon Street, Suite 1400
            Charlotte, North Carolina 28202
            Telephone: (704) 344-1117
            Facsimile: (704) 344-1483
            mraubach@lawhssm.com
            *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, copies of the foregoing were served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case.

Dated: June 7, 2022
       Charlotte, North Carolina

                                        */s/ Melanie D. Johnson Raubach*
                                        Melanie D. Johnson Raubach

HAMILTON STEPHENS
STEELE + MARTIN, PLLC
525 North Tryon Street, Suite 1400
Charlotte, NC  28202

4872-0382-7236, v. 2