# **EXHIBIT A**

| United States Code Annotated |
| Title 29. Labor |
| Chapter 18. Employee Retirement Income Security Program (Refs & Annos) |
| Subchapter III. Plan Termination Insurance (Refs & Annos) |
| Subtitle D. Liability (Refs & Annos) |

29 U.S.C.A. § 1369

§ 1369. Treatment of transactions to evade liability; effect of corporate reorganization

Currentness

**(a) Treatment of transactions to evade liability**

If a principal purpose of any person in entering into any transaction is to evade liability to which such person would be subject under this subtitle and the transaction becomes effective within five years before the termination date of the termination on which such liability would be based, then such person and the members of such person's controlled group (determined as of the termination date) shall be subject to liability under this subtitle in connection with such termination as if such person were a contributing sponsor of the terminated plan as of the termination date. This subsection shall not cause any person to be liable under this subtitle in connection with such plan termination for any increases or improvements in the benefits provided under the plan which are adopted after the date on which the transaction referred to in the preceding sentence becomes effective.

**(b) Effect of corporate reorganization**

For purposes of this subtitle, the following rules apply in the case of certain corporate reorganizations:

**(1) Change of identity, form, etc.**

If a person ceases to exist by reason of a reorganization which involves a mere change in identity, form, or place of organization, however effected, a successor corporation resulting from such reorganization shall be treated as the person to whom this subtitle applies.

**(2) Liquidation into parent corporation**

If a person ceases to exist by reason of liquidation into a parent corporation, the parent corporation shall be treated as the person to whom this subtitle applies.

**(3) Merger, consolidation, or division**

If a person ceases to exist by reason of a merger, consolidation, or division, the successor corporation or corporations shall be treated as the person to whom this subtitle applies.

**CREDIT(S)**

(Pub.L. 93-406, Title IV, § 4069, as added Pub.L. 99-272, Title XI, § 11013(a), Apr. 7, 1986, 100 Stat. 260.)

29 U.S.C.A. § 1369, 29 USCA § 1369
Current through P.L. 117-120. Some statute sections may be more current, see credits for details.

End of Document                                            © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Notes Of Decisions

**Generally**

Under ERISA, the trustee of a corporation that is a contributing sponsor of a defined benefit pension plan and is in bankruptcy cannot maintain an action for the benefit of the bankruptcy estate and the estate's unsecured creditors against the corporation's former owner, as a former member of the controlled group, for liabilities arising from the termination of pension plan.   Durango-Georgia Paper Co. v. H.G. Estate, LLC, C.A.11 (Ga.) 2014, 739 F.3d 1263 .   Bankruptcy   2154.1 ; Labor and Employment   667

The key inquiry under ERISA's express predecessor liability provision is whether the employer had a principal purpose of evading its pension liabilities.   Pension Benefit Guar. Corp. v. White Consol. Industries, Inc., C.A.3 (Pa.) 2000, 215 F.3d 407 .   Labor And Employment   518

**Purpose**

Purpose of this section imposing liability upon predecessor employer for unfunded pension liabilities if principal purpose of transfer is to evade liability is to prevent employers from avoiding liability by simply transferring underfunded pension plan to undercapitalized companies.   Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., C.A.3 (Pa.) 1993, 998 F.2d 1192 , certiorari denied  114 S.Ct. 687, 510 U.S. 1042, 126 L.Ed.2d 655 , on remand  1999 WL 680185 .   Labor And Employment   518

**Time transfer takes effect**

Transfer of unfunded pension liabilities does not become effective, for purposes of this section imposing predecessor liability for pension plan that terminates within five years of transfer, until company that transferred pension plan no longer makes substantial pension contributions.   Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., C.A.3 (Pa.) 1993, 998 F.2d 1192 , certiorari denied  114 S.Ct. 687, 510 U.S. 1042, 126 L.Ed.2d 655 , on remand  1999 WL 680185 .   Labor And Employment   518

**Substantial contributions**

Predecessor employer's annual contributions of $4 million to transferred pension plans, while transferee contributed only $1.2 million, was "substantial support" which subjected employer to claim for predecessor liability or unfunded pension obligations of plan which failed within five years of date predecessor discontinued making payments to plan.   Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., C.A.3 (Pa.) 1993, 998 F.2d 1192 , certiorari denied  114 S.Ct. 687, 510 U.S. 1042, 126 L.Ed.2d 655 , on remand  1999 WL 680185 .   Labor And Employment   518

**Consolidation**

Under safe harbor provisions of Multiemployer Pension Plan Amendments Act (MPPAA), corporation inherited contribution histories of two subsidiaries, for purposes of determining subsequent withdrawal liability under MPPAA, where, as part of reorganization, corporation merged with subsidiaries, causing subsidiaries to cease to exist and leaving corporation as surviving corporation.   CenTra, Inc. v. Central States, Southeast And Southwest Areas Pension Fund, C.A.7 (Ill.) 2009, 578 F.3d 592 , certiorari denied  130 S.Ct. 1885, 559 U.S. 1006, 176 L.Ed.2d 364 .   Labor And Employment   519(1)

"Consolidation," within meaning of Multiemployer Pension Plan Amendments Act's (MPPAA) exemption from withdrawal liability, is combination of two or more corporations into newly created entity.   Bowers v. Andrew Weir Shipping, Ltd., C.A.2 (N.Y.) 1994, 27 F.3d 800 , certiorari denied  115 S.Ct. 511, 513 U.S. 1000, 130 L.Ed.2d 418 .   Labor And Employment

519(1)

**Dissolution and sale of business**

If dissolution and sale of business turns out to be sham, a disguised continuance, to avoid liability for pension benefits negotiated under collective bargaining agreement with dissolved predecessor employer, district court may impose predecessor's Employee Retirement Income Security Act liability under that agreement on successor.   In re Consolidated Litigation Concerning Intern. Harvester's Disposition of Wisconsin Steel, N.D.Ill.1988, 681 F.Supp. 512 .   Labor And Employment   518

**Division**

Holding company's "drop down" of certain assets and liabilities to two new subsidiaries, as part of reorganization in which holding company merged with two old subsidiaries, did not result in "division" under safe harbor provision of Multiemployer Pension Plan Amendments Act (MPPAA), and therefore new subsidiaries did not inherit contribution histories of old subsidiaries for purposes of determining withdrawal liability, where holding company transferred only certain assets and liabilities of old subsidiaries to new subsidiaries while retaining valuable assets, without any indication that old subsidiaries' contribution histories were transferred as well, and no predecessor employer ceased to exist in "drop down," as required for transaction to be exempt from withdrawal liability under safe harbor provision.   CenTra, Inc. v. Central States, Southeast And Southwest Areas Pension Fund, C.A.7 (Ill.) 2009, 578 F.3d 592 , certiorari denied  130 S.Ct. 1885, 559 U.S. 1006, 176 L.Ed.2d 364 .   Labor And Employment   519(1)

Shipping companies' formation of joint venture and transfer to venture of companies' unincorporated liner operations was not "division" within meaning of Multiemployer Pension Plan Amendments Act's (MPPAA) exemption from withdrawal liability, where no stock changed hands, even if each transferred operation had been called "division."   Bowers v. Andrew Weir Shipping, Ltd., C.A.2 (N.Y.) 1994, 27 F.3d 800 , certiorari denied  115 S.Ct. 511, 513 U.S. 1000, 130 L.Ed.2d 418 .   Labor And Employment   519(1)

Term "division," as used in statute providing that a "division" would not result in an employer being deemed to have withdrawn from a multiemployer fund for provision of employee benefits, so as to trigger withdrawal liability, means transaction whereby stock of a contributing corporation is divided away from its controlled group and acquired by or distributed to new owners.   Bowers v. Andrew Weir Shipping, Ltd., S.D.N.Y.1992, 810 F.Supp. 522 , amended  817 F.Supp. 4 , affirmed  27 F.3d 800 , certiorari denied  115 S.Ct. 511, 513 U.S. 1000, 130 L.Ed.2d 418 .   Labor And Employment 519(1)

**Joint venture**

Shipping companies' formation of joint venture and transfer to venture of companies' unincorporated liner operations was not "merger" or "consolidation," within meaning of Multiemployer Pension Plan Amendments Act's (MPPAA) exemption from withdrawal liability, where both companies continued to exist in exactly the same corporate form after formation of joint venture.   Bowers v. Andrew Weir Shipping, Ltd., C.A.2 (N.Y.) 1994, 27 F.3d 800 , certiorari denied  115 S.Ct. 511, 513 U.S. 1000, 130 L.Ed.2d 418 .   Labor And Employment   519(1)

Statute, providing that a reorganization whereby stock of a contributing corporation is divided away from its controlled group and acquired by or distributed to new owners would not involve withdrawal by an employer from a multiemployee fund for provision of employee benefits, did not apply to transaction under which two organizations transferred assets comprising unincorporated business to a joint venture owned entirely by contributors.   Bowers v. Andrew Weir Shipping, Ltd., S.D.N.Y.1992, 810 F.Supp. 522 , amended  817 F.Supp. 4 , affirmed  27 F.3d 800 , certiorari denied  115 S.Ct. 511, 513 U.S. 1000, 130 L.Ed.2d 418 .   Labor And Employment   519(1)

**Liquidation**

Statute providing that "liquidation into a parent corporation" would not be considered an event which would be deemed a withdrawal of an employer from a multiemployer fund for employee benefits, so as to trigger withdrawal liability, did not apply to transaction under which two organizations transferred unincorporated businesses to joint venture, owned in part by each organization.    Bowers v. Andrew Weir Shipping, Ltd., S.D.N.Y.1992, 810 F.Supp. 522 , amended  817 F.Supp. 4 , affirmed  27 F.3d 800 , certiorari denied  115 S.Ct. 511, 513 U.S. 1000, 130 L.Ed.2d 418 .    Labor And Employment   519(1)

**Merger**

"Merger," within meaning of Multiemployer Pension Plan Amendments Act's (MPPAA) exemption from withdrawal liability, contemplates that one corporation will be absorbed by the other and will cease to exist while absorbing corporation remains.    Bowers v. Andrew Weir Shipping, Ltd., C.A.2 (N.Y.) 1994, 27 F.3d 800 , certiorari denied  115 S.Ct. 511, 513 U.S. 1000, 130 L.Ed.2d 418 .    Labor And Employment   519(1)

**Settlement agreements**

Provision of ERISA holding a person liable for attempting to evade liability for termination of a plan was not violated by settlement agreement under which sponsor's liability would be limited if there were an event requiring termination of airline pilots' pension plan; settlement agreement was a statutorily authorized agreement to settle unfunded liability.    Adams v. Pension Ben. Guar. Corp., D.D.C.2004, 332 F.Supp.2d 231 , affirmed  170 Fed.Appx. 142, 2006 WL 593199 , rehearing en banc denied, certiorari denied  127 S.Ct. 384, 549 U.S. 972, 166 L.Ed.2d 302 .    Labor And Employment   520