

FILED & JUDGMENT ENTERED
Steven T. Salata

August  12  2022

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **JTR1, LLC,** | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | Case No. 20-30141 |
| | ) | |
| | ) | |
| **A. BURTON SHUFORD, TRUSTEE OF THE BANKRUPTCY ESTATE OF JTR1, LLC f/d/b/a JTR, LLC,** | ) ) ) | |
| Plaintiff, | ) ) | Adversary Proceeding No. 22-3007 |
| v. | ) ) | |
| **JMC FINANCIAL HOLDINGS, LLC,** | ) ) | |
| Defendant. | ) ) | |
| | ) | |
| **A. BURTON SHUFORD, TRUSTEE,** | ) ) | |
| Plaintiff, | ) ) | Adversary Proceeding No. 22-3017 |
| v. | ) ) | |
| **TMC FINANCIAL, LLC,** | ) ) | |
| Defendant. | ) ) | |
| | ) ) | |

| | |
|---|---|
| **A. BURTON SHUFORD, TRUSTEE,**           ) | |
| ) | |
| Plaintiff,      ) | Adversary Proceeding |
| ) | No. 22-3018 |
| v.                                                                   ) | |
| ) | |
| **BJS INSURANCE, LLC et. al.,**              ) | |
| ) | |
| Defendants.   ) | |
| _____) | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS SPECIFIED CLAIMS**

**THESE MATTERS** are before the court on the Defendants' motions to dismiss (collectively the "Motions"). The Plaintiff filed three separate Complaints on February 4, 2022, seeking to avoid and recover transfers from JMC Financial, LLC ("JMC"); TMC Financial, LLC ("TMC"); and BJS Insurance, LLC and JJM, LLC (collectively, "BJS"). BJS filed a motion dismiss pursuant to Rule 12(b)(6) on May 4, 2022. JMC and TMC each filed a motion to dismiss on May 23, 2022.

The facts relevant to this adversary proceeding are outlined in a previous order. See generally Shuford v. Kearns et. al. (In re JTR1, LLC), No. 20-30141, Adv. No. 22-3008, 2022 WL 3009620 (Bankr. W.D.N.C. July 28, 2022) (the "Kearns Order"). As outlined in the Kearns Order, the Debtor commenced this Chapter 7 bankruptcy on February 6, 2020. The Debtor made various cash transfers between 2014 and 2019 to other entities prior to filing bankruptcy, and the Trustee maintains that these transfers are avoidable fraudulent transfers. Among the transferees were JMC, TMC, and BJS (collectively, the "Defendants"). Specifically, the Debtor's transfers included $1,263,562.21 to JMC from April 23, 2014 to December 28, 2018; $863,161.75 to TMC from February 25, 2014 to December 28, 2018; and $3,772,354 to BJS from December 30, 2015 to April 5, 2019 (the "Transfers").

In February 2022, the Chapter 7 Trustee, on behalf of the Debtor's estate, commenced adversary proceedings against these Defendants, as well as the other participants in the alleged scheme. The majority of the counts in each of the complaints seek to avoid and recover the Transfers under 11 U.S.C. §§ 544(b), 548, and 550. Through the Motions, the Defendants joined in the motions to dismiss filed by defendants Kearns, Mullady, and Etaros Actuarial Services, LLC et. al., seeking to dismiss any of the Transfers that occurred more than four years prior to the petition date. JMC's motion to dismiss seeks to dismiss Counts I–III, TMC's motion to dismiss seeks to dismiss Counts I–III, and BJS's motion seeks to dismiss Counts I–III.[1]

The motions filed by the other defendants argue, among other things, that the Trustee lacks standing to bring the avoidance actions pursuant to § 544(b) because a bankruptcy a trustee is not permitted to step into the shoes of the PBGC to assert the FDCPA provisions.

For the reasons noted in the Kearns Order, the Trustee cannot step into the shoes of the PBGC and use the FDCPA to avoid and recover the Transfers. As a result, any of the Transfers that occurred more than four years prior to the petition date are unrecoverable. Accordingly, the court hereby **GRANTS** the Motions. Counts I–III of each of the Complaints in these adversary proceedings are dismissed. Counts IV–VII in the JMC case remain, Counts IV–VI in the TMC case remain, and Counts IV–VI in the BJS case remain.

**SO ORDERED.**

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |

---

[1] In all of these causes of action, the Trustee seeks to step into the shoes of the PBGC and use the FDCPA to avoid and recover the Transfers.