United States Bankruptcy Court

Western District of North Carolina

Shuford,
    Plaintiff

BJS Insurance, LLC,
    Defendant

Adv. Proc. No. 22-03018-jcw

# CERTIFICATE OF NOTICE

District/off: 0419-3     User: AutoDkt     Page 1 of 2
Date Rcvd: Aug 12, 2022     Form ID: pdf     Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 14, 2022:**
NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| 6296095 | + Email/Text: sbse.cio.bnc.mail@irs.gov | Aug 12 2022 18:17:00 | Internal Revenue Service, P.O. Box 7317, Philadelphia, PA 19101-7317 |
| 6296096 | Email/Text: bankruptcynotices@ncdor.gov | Aug 12 2022 18:17:00 | North Carolina Department of Revenue, Bankruptcy Unit, P.O. Box 1168, Raleigh, NC 27602-1168 |

TOTAL: 2

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 14, 2022      Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 12, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| A. Burton Shuford | bshuford@abshuford.com noticesonlynothingelse@gmail.com;abs@trustesolutions.net;aburtonshufordattorneyatlaw@jubileebk.net;sblack@abshuford.com |
| Emily Kate Mather | on behalf of Defendant BJS Insurance LLC emily.mather@klgates.com, bobankruptcyecf@klgates.com |
| Emily Kate Mather | |

Case 22-03018    Doc 25    Filed 08/14/22    Entered 08/15/22 00:24:00    Desc Imaged
Certificate of Notice    Page 2 of 5

| District/off: 0419-3 | User: AutoDkt | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Aug 12, 2022 | Form ID: pdf | Total Noticed: 2 |

| | |
|---|---|
| | on behalf of Defendant JJM LLC emily.mather@klgates.com, bobankruptcyecf@klgates.com |
| John R. Gardner | |
| | on behalf of Defendant BJS Insurance LLC john.gardner@klgates.com, matthew.houston@klgates.com;courtney.ritter@klgates.com;mary-beth.pearson@klgates.com;margaret.westbrook@klgates.com;lee.hogewood@klgates.com;carolyn.hall@klgates.com;emily.mather@klgates.com |
| John R. Gardner | |
| | on behalf of Defendant JJM LLC john.gardner@klgates.com, matthew.houston@klgates.com;courtney.ritter@klgates.com;mary-beth.pearson@klgates.com;margaret.westbrook@klgates.com;lee.hogewood@klgates.com;carolyn.hall@klgates.com;emily.mather@klgates.com |
| Margaret R. Westbrook | |
| | on behalf of Defendant BJS Insurance LLC margaret.westbrook@klgates.com, emily.mather@klgates.com;lee.hogewood@klgates.com;john.gardner@klgates.com;matthew.houston@klgates.com;courtney.ritter@klgates.com;mary-beth.pearson@klgates.com;carolyn.hall@klgates.com |
| Margaret R. Westbrook | |
| | on behalf of Defendant JJM LLC margaret.westbrook@klgates.com, emily.mather@klgates.com;lee.hogewood@klgates.com;john.gardner@klgates.com;matthew.houston@klgates.com;courtney.ritter@klgates.com;mary-beth.pearson@klgates.com;carolyn.hall@klgates.com |
| Melanie D. Johnson Raubach | |
| | on behalf of Plaintiff A. Burton Shuford mraubach@lawhssm.com vhughes@lawhssm.com;rkelley@lawhssm.com;mwiner@lawhssm.com |

TOTAL: 8



FILED & JUDGMENT ENTERED
Steven T. Salata

August 12 2022

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **JTR1, LLC,** | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | Case No. 20-30141 |
| | ) | |
| **A. BURTON SHUFORD, TRUSTEE OF THE BANKRUPTCY ESTATE OF JTR1, LLC f/d/b/a JTR, LLC,** | ) ) ) | |
| Plaintiff, | ) ) | Adversary Proceeding No. 22-3007 |
| v. | ) ) | |
| **JMC FINANCIAL HOLDINGS, LLC,** | ) ) | |
| Defendant. | ) ) | |
| | ) ) | |
| **A. BURTON SHUFORD, TRUSTEE,** | ) ) | |
| Plaintiff, | ) ) | Adversary Proceeding No. 22-3017 |
| v. | ) ) | |
| **TMC FINANCIAL, LLC,** | ) ) | |
| Defendant. | ) ) ) ) | |

| | |
|---|---|
| **A. BURTON SHUFORD, TRUSTEE,**  ) | |
| ) | |
| Plaintiff,  ) | Adversary Proceeding |
| ) | No. 22-3018 |
| v.  ) | |
| ) | |
| **BJS INSURANCE, LLC et. al.,**  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS SPECIFIED CLAIMS**

**THESE MATTERS** are before the court on the Defendants' motions to dismiss (collectively the "Motions"). The Plaintiff filed three separate Complaints on February 4, 2022, seeking to avoid and recover transfers from JMC Financial, LLC ("JMC"); TMC Financial, LLC ("TMC"); and BJS Insurance, LLC and JJM, LLC (collectively, "BJS"). BJS filed a motion dismiss pursuant to Rule 12(b)(6) on May 4, 2022. JMC and TMC each filed a motion to dismiss on May 23, 2022.

The facts relevant to this adversary proceeding are outlined in a previous order. See generally Shuford v. Kearns et. al. (In re JTR1, LLC), No. 20-30141, Adv. No. 22-3008, 2022 WL 3009620 (Bankr. W.D.N.C. July 28, 2022) (the "Kearns Order"). As outlined in the Kearns Order, the Debtor commenced this Chapter 7 bankruptcy on February 6, 2020. The Debtor made various cash transfers between 2014 and 2019 to other entities prior to filing bankruptcy, and the Trustee maintains that these transfers are avoidable fraudulent transfers. Among the transferees were JMC, TMC, and BJS (collectively, the "Defendants"). Specifically, the Debtor's transfers included $1,263,562.21 to JMC from April 23, 2014 to December 28, 2018; $863,161.75 to TMC from February 25, 2014 to December 28, 2018; and $3,772,354 to BJS from December 30, 2015 to April 5, 2019 (the "Transfers").

In February 2022, the Chapter 7 Trustee, on behalf of the Debtor's estate, commenced adversary proceedings against these Defendants, as well as the other participants in the alleged scheme. The majority of the counts in each of the complaints seek to avoid and recover the Transfers under 11 U.S.C. §§ 544(b), 548, and 550. Through the Motions, the Defendants joined in the motions to dismiss filed by defendants Kearns, Mullady, and Etaros Actuarial Services, LLC et. al., seeking to dismiss any of the Transfers that occurred more than four years prior to the petition date. JMC's motion to dismiss seeks to dismiss Counts I–III, TMC's motion to dismiss seeks to dismiss Counts I–III, and BJS's motion seeks to dismiss Counts I–III.[1]

The motions filed by the other defendants argue, among other things, that the Trustee lacks standing to bring the avoidance actions pursuant to § 544(b) because a bankruptcy a trustee is not permitted to step into the shoes of the PBGC to assert the FDCPA provisions.

For the reasons noted in the Kearns Order, the Trustee cannot step into the shoes of the PBGC and use the FDCPA to avoid and recover the Transfers. As a result, any of the Transfers that occurred more than four years prior to the petition date are unrecoverable. Accordingly, the court hereby **GRANTS** the Motions. Counts I–III of each of the Complaints in these adversary proceedings are dismissed. Counts IV–VII in the JMC case remain, Counts IV–VI in the TMC case remain, and Counts IV–VI in the BJS case remain.

**SO ORDERED.**

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |

---

[1] In all of these causes of action, the Trustee seeks to step into the shoes of the PBGC and use the FDCPA to avoid and recover the Transfers.