IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| **JTR1, LLC f/d/b/a JTR, LLC** ) | |
| ) | Case No. 20-30141 |
| Debtor. ) | |
| ) | |
| **A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC,** ) ) ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adv. Proc. No. 22-03018 |
| vs. ) | |
| ) | |
| **BJS Insurance, LLC** and **JJM, LLC,** ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR RELIEF FROM JUDGMENT

Plaintiff A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC (the "Trustee" or "Plaintiff"), by and through counsel, hereby moves the Court pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure and Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure for relief from judgment and respectfully shows the Court as follows:

1.  Plaintiff files this Motion within the times prescribed by Rule 9024 of the Federal Rules of Bankruptcy Procedure and Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure.

2.  The initial hearing on the Joinder to Motions to Dismiss [Doc. 8] (the "Motion") filed by Defendants BJS Insurance, LLC and JJM, LLC (collectively, the "Defendants") was held on May 31, 2022. After post hearing briefing to address additional issues identified during the

1

initial hearing, the Motions came back on for a continued hearing on June 14, 2022. The court then announced a ruling partially resolving the Motions, and the parties requested a continuance to confer on how to proceed given the commonality of issues among various adversary proceedings. The Motion came on for hearing a third time on June 22, 2022.

3. On August 12, 2022, the Court entered an Order Granting Defendants' Motions to Dismiss Specified Claims [Doc. 23] (the "Order").

4. The Court based its ruling in the Order on an interpretation of the phrase "debt owing to the United States" as used in the Federal Debt Collection Procedures Act (the "FDCPA").

5. The legal analysis on this issue had not been previously briefed by any party to the litigation.

6. Since the entry of the Order, Plaintiff has discovered case law, which it believes could influence the Court's decision on this point. This case law includes the decisions in *Federal Trade Commission v. National Business Consultants*, 376 F.3d 317 (5th Cir. 2004), *United States v. Resnick*, 594 F.3d 562 (7th Cir. 2010), *United States v. Bedi*, 15 F.4th 222 (2d Cir. 2021), and *United States v. Rostoff*, 164 F.3d 63, 69 (1st Cir. 1999).

7. Additionally, with the assistance of the Pension Benefit Guaranty Corporation (the "PBGC"), the Plaintiff has reviewed certain findings that the Court included in the Order, which relate to the formation, purpose, and operations of the PBGC.

8. In support of this Motion, Plaintiff submits a Declaration of Bruce Johnson and a Declaration of Jeffrey Kuhns from the PBGC (together, the "PBGC Declarations"), which are attached hereto as Exhibit A and Exhibit B, respectively, and are incorporated herein by reference.[1]

---

[1] Plaintiff notes that following the resolution of this Motion it may be appropriate to amend its Complaint to incorporate the pertinent facts of the Declarations.

2

9. As more fully stated in the PBGC Declarations, (i) recovery on the claims stated in this case will not result in a change to the distribution amounts received by the beneficiaries of the Freedom Plan (as defined in the Order), instead those amounts will continue to be determined by the terms of the Freedom Plan itself, subject to statutory provisions set forth under ERISA; (ii) the source of funds for payment of the Freedom Plan benefits is a fund held by the PBGC, from which the PBGC also pays its operational and administrative costs; and (iii) any recovery would be paid to the Trust Fund (as defined in the PBGC Declarations) maintained by the PBGC and co-mingled with the assets of other plans for which the PBGC is statutory trustee.

10. It appears that the clarifications from the PBGC as to these points are material to the conclusions reached by the Court in the Order.

Based on the foregoing, as well as the brief discussing the case law cited herein and such other case law as the Plaintiff may identify as relevant to these issues, which the Plaintiff will submit in compliance with the Local Rules for the Bankruptcy Court for the Western District of North Carolina, the Plaintiff respectfully requests that this Court grant the foregoing Motion.

Dated: August 25, 2022
Charlotte, North Carolina

HAMILTON STEPHENS
STEELE + MARTIN, PLLC

 /s/ *Melanie D. Johnson Raubach*
Melanie D. Johnson Raubach (NC Bar No. 41929)
525 North Tryon Street, Suite 1400
Charlotte, North Carolina 28202
Telephone: (704) 344-1117
Facsimile:  (704) 344-1483
mraubach@lawhssm.com
*Attorney for Plaintiff*

3

4861-4148-2798, v. 1