KAREN L. MORRIS
General Counsel
CRAIG T. FESSDENDEN
Deputy General Counsel
JOEL W. RUDERMAN
PAULA J. CONNELLY
Assistant General Counsels
CAROLYN J. LACHMAN
Attorney
Office of the General Counsel
PENSION BENEFIT GUARANTY
CORPORATION
445 12th Street SW
Washington, DC 20024-2101
Tel.:  202-229-3926
Fax:  202-326-4138
Emails: ruderman.joel@pbgc.gov and
efile@pbgc.gov

*Attorneys for the Pension Benefit Guaranty Corporation*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re: | |
| **JTR1, LLC,** | Chapter 7 |
| Debtor. | Case No. 20-30141 |
| | Honorable Craig Whitley |
| **A. BURTON SHUFORD, TRUSTEE OF THE BANKRUPTCY ESTATE OF JTR1, LLC f/d/b/a JTR, LLC**, | |
| Plaintiff, | Adversary Proceeding No. 22-3007 |
| **v.** | |
| **JMC FINANCIAL HOLDINGS, LLC,** | |
| Defendants. | |
| **A. BURTON SHUFORD, TRUSTEE** | |
| Plaintiff, | |
| **v.** | Adversary Proceeding No. 22-3017 |
| **TMC FINANCIAL, LLC,** | |
| Defendant. | |

| | |
|---|---|
| **A. BURTON SHUFORD, TRUSTEE**<br>Plaintiff,<br><br>**v.**<br><br>**BJS INSURANCE, LLC, et al.,**<br>Defendant. | Adversary Proceeding<br>No. 22-3018 |

## MOTION TO INTERVENE OR OTHERWISE BE HEARD ON THE TRUSTEE'S MOTION FOR RELIEF FROM JUDGMENT AND ANY RELATED APPEAL

The Pension Benefit Guaranty Corporation ("PBGC"), a wholly-owned United States Government corporation, has an allowed claim against JTR1, LLC (the "Debtor") in the amount of $6,645,541. PBGC's claim is the largest in Debtor's bankruptcy case.

These adversary proceedings were brought by A. Burton Shuford, Chapter 7 Trustee for JTR1, LLC (the "Trustee"), against defendants JMC Financial Holdings, LLC ("JMC") in adversary proceeding no. 22-3007, TMC Financial ("TMC") in adversary proceeding no. 22-3017, and BJS Insurance, LLC and JJM, LLC (collectively, "BJS") in adversary proceeding no. 22-3018 (collectively, the defendants in all of the above-captioned adversary proceedings shall be referred to as the "Defendants").[1] The Trustee's complaints seek to avoid fraudulent transfers from the Debtor to the Defendants during the six years prior to the filing of the Debtor's bankruptcy. The complaints allege, among other allegations, that the Trustee is entitled to step into the shoes of PBGC and use the fraudulent transfer provisions of the Federal Debt Collection Procedures Act (the "FDCPA") as the basis for avoiding the fraudulent transfers.[2]

This Court entered an Order Granting Defendants' Motion to Dismiss Specified Claims

---

[1] Complaint, Shuford v. JMC (*In re* JTR1, LLC), Ch. 7 Case No. 20-30141, Adv. No. 22-3007 (Bankr. W.D.N.C. Feb. 4, 2022); Complaint, Shuford v. TMC (*In re* JTR1, LLC), Ch. 7 Case No. 20-30141, Adv. No. 22-3017 (Bankr. W.D.N.C. Feb. 4, 2022); Complaint, Shuford v. BJS, (*In re* JTR1, LLC), Ch. 7 Case No. 20-30141, Adv. No. 22-3018 (Bankr. W.D.N.C. Feb. 4, 2022).

[2] 11 U.S.C. § 544(b) and 28 U.S.C. §§ 3301 *et seq.*

(the "Order"),[3] by reference to a previous order entered in *Shuford v. Kearns et al.* (the "Kearns Order").[4]  In the Kearns Order, the Court concluded that the debt owed to PBGC on its allowed claim did not constitute a "debt owing to the United States" under the FDCPA.  Thus, the Court reasoned that PBGC could not collect the fraudulent transfers under the FDCPA and therefore, the Trustee, in PBGC's shoes, cannot take advantage of the statute's six-year look back period.[5]  In reaching this conclusion, the Court stated that PBGC's claim in this case is for a debt "owed to the Freedom Plan and its beneficiaries, not to the United States."[6]  Because of PBGC's structure and function, this is factually incorrect, and PBGC seeks to intervene to explain why.

Any PBGC recovery on its allowed claim goes directly into the coffers of PBGC, a Federal corporation.[7]  The FDCPA's definition of "United States" includes "a Federal corporation."[8]  And as explained below, PBGC places all such recoveries in its Trust Fund and comingles them with its other Trust Fund assets.  PBGC invests those assets and periodically transfers them to its three revolving funds to pay its obligations.  One of those PBGC obligations is to pay the statutory benefits of participants in the Retirement Plan of Freedom Communications, Inc. (the "Freedom Plan").  PBGC has been paying those statutory benefits to participants in the Freedom Plan since 2017.[9]  Any recovery that PBGC makes from the Debtor will have no effect on these individuals' benefits.

---

[3] Order Granting Defendants' Motions to Dismiss Specified Claims ("Order"), Adv. No. 22-3007, Doc. No. 36 (Aug. 12, 2022); Adversary No. 22-3017, Doc. No. 23 (Aug. 12, 2022); Adv. No. 22-3018, Doc. No. 35 (Aug. 12, 2022).

[4]  *Shuford v. Kearns et al*. (*In re* JTR1, LLC), No. 20-30141, Adv. No. 22-3008, 2022 WL 3009620 (Bankr. W.D.N.C. July 28, 2022).

[5] *Id.*

[6] *Id.* at 10.

[7] See Decl. of Bruce Johnson para. 8, attached hereto as Ex. A.

[8] 28 U.S.C. § 3002.

[9] See Decl. of Jeffrey Kuhns para. 5, attached hereto as Ex. B.

PBGC's motion to intervene is timely.  This limited request to intervene or otherwise be heard with respect to the Trustee's motion for relief from judgment will not delay these cases. PBGC has unique and intimate knowledge concerning how the agency will receive and apply recoveries in this bankruptcy case.  And this Court's decision could affect not only PBGC's interest in Debtor's bankruptcy case but also PBGC's interest in other cases it brings under the FDCPA in other jurisdictions.  Accordingly, this Court should allow PBGC to intervene or otherwise be heard with respect to the Trustee's Motion for Relief from Judgment, and any related appeal.[10]

## BACKGROUND

### PBGC

PBGC is the United States government agency created by ERISA to administer the defined benefit pension plan termination insurance program under Title IV of ERISA.[11]  PBGC is an agency that was modeled after the Federal Deposit Insurance Corporation.[12]  PBGC's board of directors consists of the Secretaries of Treasury, Labor and Commerce.[13]  When an underfunded pension plan terminates, PBGC typically becomes the statutory trustee of the plan and supplements any assets remaining in the pension plan with its insurance funds to pay participants their pension benefits up to limits established by Title IV.[14]  PBGC's insurance

---

[10] PBGC seeks permissive intervention under Fed. R Civ. P. 24(b).  If this rule does not apply, PBGC asks the Court, as a court of equity, to allow PBGC to be heard.

[11] 29 U.S.C. §§ 1302.

[12] *Pension Ben. Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 63637 (1990) (citing 120 Cong. Rec. 29950 (1974)).

[13] *Id.* at 637.

[14] *See* 29 U.S.C. §§ 1321, 1322, 1361.

program is funded by premiums paid by plan sponsors, investment returns, assets of terminated

plans, and recoveries on statutory liabilities and causes of action.

ERISA provides that PBGC's funds are held in a Trust Fund and several Revolving

Funds.[15]  The Trust Fund holds the comingled assets of terminated, PBGC-trusteed pension

plans and returns on those assets.[16]  The Trust Fund is managed in accordance with an

investment policy established by PBGC's board of directors.[17]  As of the end of PBGC's 2021

fiscal year, the Trust Fund assets totaled $87.7 billion.[18]

PBGC also uses three Revolving Funds authorized under ERISA.[19]  The Revolving

Funds contain the premiums paid by plan sponsors, returns on the Revolving Funds'

investments, and transfers from the Trust Fund.  PBGC pays its operational and administrative

costs, including participants' benefits, from the Revolving Funds.[20]  As of the end of PBGC's

2021 fiscal year, the Revolving Fund's assets totaled $54.1 billion.[21]

Under ERISA, PBGC has authority to commence and prosecute claims on behalf of plans

for which it is statutory trustee, such as the Freedom Plan.[22]  PBGC has a statutory obligation to

pay benefits to participants in plans that the agency trustees, such as the Freedom Plan, even if

---

[15] *See* 29 U.S.C. § 1305.

[16] Decl. of Bruce Johnson para. 4.

[17] *See* Pension Ben. Guar. Corp., Investment Policy Statement (2019),
https://www.pbgc.gov/sites/default/files/april-2019-ips-pbgc.pdf.

[18] Decl. of Bruce Johnson para. 5.

[19] ERISA authorizes the creation of seven revolving funds for PBGC.  Cong. Rsch. Serv., 95-118, Pension
Benefit Guaranty Corporation (PBGC): A Primer 17 (2021); *see also* 29 U.S.C. § 1305.

[20] Decl. of Bruce Johnson para. 6.

[21] *Id.* para. 7.

[22] 29 U.S.C. § 1342(d); *see also Paulsen v. CNF Inc.*, 559 F.3d. 1061, 1073 (9th Cir. 2009) (finding that
when a pension plan has been terminated and trusteed by PBGC, any possible recovery of claims for
fiduciary breach under ERISA must go to PBGC).

PBGC cannot recover anything on claims it asserts on behalf of those plans.[23]

**The Freedom Plan**

On May 23, 2016, by agreement between PBGC and the plan administrator for the Freedom Plan, the Freedom Plan terminated, PBGC became its statutory trustee, and March 31, 2016, was established as its termination date.  PBGC determined the statutory amount due to each of the Freedom Plan's beneficiaries, and has paid those monthly benefits since 2017.[24]

After taking over the assets of the Freedom Plan, PBGC placed them in its Trust Fund, where they were comingled with the assets of other trusteed plans.  If PBGC recovers any monies by prosecuting claims on behalf of the Freedom Plan, such recoveries would be placed in the Trust Fund and comingled with the assets of other trusteed plans and any returns on the Trust Fund's assets.[25]  Such recoveries would have no effect on the benefit calculations for the Freedom Plan's beneficiaries.[26]  The benefit calculations for the Freedom Plan's beneficiaries are based strictly upon the terms of the Freedom Plan, subject to statutory provisions set forth under ERISA.[27]

**Claims against Debtor**

After PBGC became trustee of the Freedom Plan, it began to investigate the Freedom Plan's investments and asset allocation.  During its investigation, PBGC determined that fiduciaries for the Freedom Plan caused the Freedom Plan to enter into ill-advised and speculative investments.  In doing so, the fiduciaries artificially improved the funding status of

---

[23] 29 U.S.C. § 1322.

[24] Decl. of Jeffrey Kuhns para. 5.

[25] Decl. of Bruce Johnson para. 8.

[26] Decl. of Jeffrey Kuhns at para. 6.

[27] *Id*.

the Freedom Plan to reduce the required contributions of Freedom Communications, Inc.

("Freedom").  Simply stated, the fiduciaries, with the assistance of the Debtor and its principal,

Mr. Covelli, and others, committed fiduciary breaches by acting in their own personal interest

rather than the best interest of the Freedom Plan and its beneficiaries.  The investments failed

and caused the Freedom Plan to lose tens of millions of dollars, increasing Freedom's pension

obligations.  The Debtor, through its principal Mr. Covelli, was intimately involved in the

design, brokering and management of two of the Freedom Plan's failed investments.

On February 14, 2019, PBGC filed suit in the United States District Court for the Central

District of California against a group of defendants.[28]  In doing so, PBGC asserted two claims

against the Debtor under Title I of ERISA seeking disgorgement of all amounts received by the

Debtor.[29]  PBGC's lawsuit was ultimately consolidated by the United States District Court for

the Central District of California with claims filed by the Committee in the Freedom bankruptcy

case relating to the same facts and circumstances under PBGC's suit.  And the claims of the

Committee were assigned to PBGC.

### Debtor's Bankruptcy

On February 6, 2020, Debtor filed its Chapter 7 bankruptcy.  On May 28, 2020, PBGC

filed a claim against the Debtor in this Court for damages in the amount of $110.1 million.[30]

Pursuant to a settlement agreement approved by this Court, PBGC holds an allowed claim in this

case in the amount of $6,645,541.[31]  PBGC is the largest creditor in the Debtor's bankruptcy

---

[28] *Pension Ben. Guar. Corp. v. Spitz*, 8:19-cv-00299 (C.D. Cal. Feb. 24, 2019), ECF No. 1.

[29] *Id.*

[30] Claim No. 1.

[31] Joint Motion to Approve Settlement Pursuant to Bankruptcy Rule 9019, *In re* JTR1, LLC, Ch. 7 Case No. 20-30141 (Bankr. W.D.N.C. Apr. 23, 2021).

case.

### The Adversary Proceedings

Prior to filing bankruptcy, the Debtor made certain cash transfers between 2014 and 2019 to the Defendants.  Specifically, the Debtor transferred $1,263,562.21 to JMC from April 23, 2014 to December 28, 2018; $863,161.75 to TMC from February 25, 2014 to December 28, 2018; and $3,722,354 to BJS from December 30, 2015 to April 5, 2019.[32]

In February 2022, the Trustee commenced the above-captioned actions against the Defendants wherein he sought to avoid and recover under 11 U.S.C. §§ 544(b), 548 and 550, the funds the Debtor transferred to the Defendants.  In doing so, the Trustee asserted his authority to step into the shoes of PBGC and use the six-year statute of limitations set forth in the FDCPA to recover the fraudulent transfers.[33]  In May 2022, the Defendants filed motions to dismiss the complaint based on their contention that the Trustee was not authorized to step into the shoes of the PBGC.[34]

On August 12, 2022, this Court entered an Order Granting Defendants' Motion to Dismiss Specified Claims (the "Order").  By reference to the Kearns Order, the Court concluded that the debts owed to PBGC did not meet the definition of "debt owing to the United States" under the FDCPA, thus PBGC could not collect those amounts and the Trustee cannot take

---

[32] Order, *supra* note 3, at 2.

[33] Complaint, *supra* note 1.

[34] *See, e.g.*, JMC Financial Holdings' Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings as to a Six Year Statute of Limitations, Adv. No. 22-3007 (May 23, 2002); TMC Financial's Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings as to a Six Year Statute of Limitations, Adv. No. 22-3017 (May 23, 2022); Joinder to Motion to Dismiss, Adv. No. 22-3018 (May 4, 2022).

advantage of the FDCPA's six-year look back.[35]

On August 25, 2022, the Trustee filed a motion for relief from judgment in each of these proceedings. The Trustee consents to PBGC filing this motion to intervene.[36]

## ARGUMENT

Federal Rule of Civil Procedure 24(b)(1)(b) provides that upon a timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact.[37]

Courts consider the following elements when considering a motion to intervene:

(1)     timeliness;

(2)     shared question of law or fact; and

(3)     undue delay or prejudice.[38]

Here, PBGC's Motion is timely. The Adversary Proceedings were only commenced approximately 6 months ago, and the Order at issue is less than 2 weeks old. Defendants have not yet filed their answers. PBGC seeks only to intervene or otherwise be heard with respect to the Trustee's Motion for Relief from Judgment and any related appeal. PBGC intends to be subject to the same deadlines set by this Court with respect to any filings to be made by the Trustee, and PBGC does not request any delay for PBGC to get up to speed.

The sole issue in dispute upon which PBGC seeks to intervene is whether PBGC's claim in Debtor's bankruptcy case is a "debt owed to the United States" under the FDCPA. To show

---

[35] Kearns Order, *supra* note 4.

[36] PBGC requested that the Defendants consent to this Motion to Intervene. The Defendants were unwilling to provide consent.

[37] Fed. R. Civ. P. 24(b)(1)(B).

[38] *See Hensley v. City of Charlotte*, No. 320CV00482KDBDSC, 2021 WL 4929491, at *3 (W.D.N.C. Oct. 21, 2021); *In re: CEI, LLC*, No. 1:15-CV-00172-MOC, 2016 WL 3556606 (W.D.N.C. June 29, 2016).

that, the Trustee must demonstrate that the debt is owed to PBGC as a Federal corporation and not owed to the Freedom Plan and its beneficiaries.[39] PBGC has detailed knowledge to inform this Court with respect to how any PBGC recovery on its claim against the Debtor is received and distributed. Any such recovery goes directly into the coffers of PBGC, and any recovery made by PBGC will have no effect on Freedom Plan participants' benefits.

Additionally, this issue could affect not only PBGC's recoveries in this case as the largest creditor, but also on PBGC's ability to pursue claims under the FDCPA in other jurisdictions.

Lastly, none of the Defendants would be prejudiced by PBGC's intervention at this stage of the litigation. PBGC is not asking to extend any of the deadlines related to the Trustee's Motion for Relief from Judgment. Instead, by allowing PBGC to intervene and be heard, this Court will receive the benefit of PBGC's intimate knowledge related to the law and facts of this case.

## CONCLUSION

PBGC's request to intervene is timely, concerns factual and legal issues of significant interest to PBGC, a Federal corporation, and will not unfairly prejudice any of the parties. Accordingly, PBGC requests that this Court enter an order allowing PBGC to intervene in the above captioned adversary proceedings with respect to the Trustee's Motion for Relief from Judgment and any related appeals and asks the Court to grant such other relief as the Court deems proper.

---

[39] *See United States v. Bedi*, 15 F.4th 222, 227-228 (2d Cir. 2021) (FDCPA "requires the United States to be the holder of the debt – i.e., the one 'to whom [the] debt is owing' – such that it has a direct financial stake in the debt itself"); *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010) (Court determined obligation owed to FDIC fell within scope of the FDCPA); *F.T.C. v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 320 (5th Cir. 2004) (Court determined that debt owed to FTC was a debt to the United States even though a portion of judgment may ultimately be paid by FTC to the defrauded franchises); *United States v. Rostoff*, 164 F.3d 63, 69 (1st Cir. 1999) (Court determined that obligation owed to FDIC was a debt under the FDCPA when the proceeds went directly into the coffers of the FDIC).

Respectfully submitted,

Dated: August 26, 2022                    */s/ Joel W. Ruderman*
Washington, D.C.                          KAREN L. MORRIS
                                          General Counsel
                                          CRAIG T. FESSENDEN
                                          Deputy General Counsel
                                          JOEL W. RUDERMAN
                                          PAULA J. CONNELLY
                                          Assistant General Counsels
                                          CAROLYN J. LACHMAN
                                          Attorney
                                          PENSION BENEFIT GUARANTY
                                          CORPORATION
                                          Office of the General Counsel
                                          445 12th Street SW
                                          Washington, DC 20024-2101
                                          Phone: (202) 229-3926
                                          Fax: (202) 326-4138
                                          Emails:  ruderman.joel@pbgc.gov and
                                          efile@pbgc.gov

# EXHIBIT A

KAREN L. MORRIS
General Counsel
CRAIG T. FESSDENDEN
Deputy General Counsel
JOEL W. RUDERMAN
PAULA J. CONNELLY
Assistant General Counsel
CAROLYN J. LACHMAN
Attorney
Office of the General Counsel
PENSION BENEFIT GUARANTY
CORPORATION
445 12th Street SW
Washington, DC 20024-2101
Tel.:  202-229-3926
Fax:  202-326-4138
Emails: ruderman.joel@pbgc.gov and
efile@pbgc.gov

*Attorneys for the Pension Benefit Guaranty Corporation*

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Bankruptcy Case No. 20-30141 |
| | ) | |
| JTR1, LLC | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

<u>**DECLARATION OF BRUCE JOHNSON**</u>

I, Bruce Johnson, declare and state as follows:

1.      I am an Accounting Officer with the Pension Benefit Guaranty Corporation

("PBGC").   Unless otherwise stated, I have personal knowledge of the facts set forth herein

and, if called upon to do so, could and would testify competently thereto.

1

2.      I make this declaration in support of the Chapter 7 Trustee's *Motion for Relief from Judgment.*

3.      PBGC is the statutory trustee of the Retirement Plan of Freedom Communications, Inc. (the "Freedom Plan").

4.      As statutory trustee, PBGC has transferred the Freedom Plan's assets to PBGC's Trust Fund.   The Trust Fund holds the comingled assets of terminated, PBGC-trusteed pension plans, returns on those assets, and recoveries on statutory liabilities and causes of action.

5.      The Trust Fund is managed in accordance with an investment policy established by PBGC's board of directors.   As of the end of PBGC's 2021 fiscal year, the Trust Fund assets totaled $87.7 billion.

6.      PBGC uses three Revolving Funds.   The Revolving Funds contain the premiums paid by plan sponsors, returns on the Revolving Funds' investments, and transfers from the Trust Fund.   PBGC pays its operational and administrative costs, including participants' benefits, from the Revolving Funds.

7.      PBGC's Revolving Funds are treated as permanent, indefinite appropriations subject to any limits Congress may apply in the exercise of its spending power.   For example, Congress has limited the amount PBGC may use for administrative expenses.   As of the end of PBGC's 2021 fiscal year, the Revolving Funds' assets totaled $54.1 billion.

8.      If PBGC recovers any monies by prosecuting claims on behalf of the Freedom Plan, such recoveries would be placed in the Trust Fund and comingled with the assets of

other trusteed plans and any returns on the Trust Fund's assets.    Each year a portion of the

Trust Fund's assets would be transferred to the Revolving Funds.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 24, 2022, at Washington, D.C.

BRUCE JOHNSON

Digitally signed by BRUCE
JOHNSON
Date: 2022.08.24 11:29:59 -04'00'

Bruce Johnson

# EXHIBIT B

KAREN L. MORRIS
General Counsel
CRAIG T. FESSDENDEN
Deputy General Counsel
JOEL W. RUDERMAN
PAULA J. CONNELLY
Assistant General Counsel
CAROLYN J. LACHMAN
Attorney
Office of the General Counsel
PENSION BENEFIT GUARANTY
CORPORATION
445 12th Street SW
Washington, DC 20024-2101
Tel.:  202-229-3926
Fax:  202-326-4138
Emails: ruderman.joel@pbgc.gov and
efile@pbgc.gov

*Attorneys for the Pension Benefit Guaranty Corporation*

## UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy Case No. 20-30141 |
| | ) | |
| JTR1, LLC | ) | Chapter 7 |
| | ) | |
| _____Debtor._____ | ) | |

### DECLARATION OF JEFFREY KUHNS

I, Jeffrey Kuhns, declare and state as follows:

1.      I am a Supervisory Actuary with the Pension Benefit Guaranty Corporation

("PBGC").   Unless otherwise stated, I have personal knowledge of the facts set forth herein and,

if called upon to do so, could and would testify competently thereto.

2.      I make this declaration in support of the Chapter 7 Trustee's *Motion for Relief*

*from Judgment*.

1

3.      On May 23, 2016, PBGC became the statutory trustee of the Retirement Plan of Freedom Communications, Inc. (the "Freedom Plan").   PBGC's case number for the Freedom Plan is 22548600.

4.      When PBGC became the statutory trustee, the Freedom Plan was approximately 66 percent funded and had unfunded benefit liabilities of approximately $136 million.

5.      On March 1, 2017, after transitioning the administration of the Freedom Plan, PBGC started paying participants their pension benefits up to the limits established by Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

6.      Any further recoveries made by PBGC as statutory trustee of the Freedom Plan would not be earmarked in any way for the Freedom Plan and would have no effect on the participants' benefit calculations.  The benefit calculations for Freedom Plan participants are based strictly upon the terms of the Freedom Plan, subject to statutory provisions set forth under ERISA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 24, 2022, at Washington, D.C.

_____
Jeffrey Kuhns

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re:<br><br>**JTR1, LLC**,<br>     Debtor. | Chapter 7<br>Case No. 20-30141<br><br>Honorable Craig Whitley |
| **A. BURTON SHUFORD, TRUSTEE OF THE BANKRUPTCY ESTATE OF JTR1, LLC f/d/b/a JTR, LLC**,<br>     Plaintiff,<br><br>**v.**<br><br>**JMC FINANCIAL HOLDINGS, LLC**,<br>     Defendants. | Adversary Proceeding<br>No. 22-3007 |
| **A. BURTON SHUFORD, TRUSTEE**<br>     Plaintiff,<br><br>**v.**<br><br>**TMC FINANCIAL, LLC**,<br>     Defendant. | Adversary Proceeding<br>No. 22-3017 |
| **A. BURTON SHUFORD, TRUSTEE**<br>     Plaintiff,<br><br>**v.**<br><br>**BJS INSURANCE, LLC, et al.**,<br>     Defendant. | Adversary Proceeding<br>No. 22-3018 |

## <u>NOTICE OF HEARING</u>

   PLEASE TAKE NOTICE that the Pension Benefit Guaranty Corporation filed a *Motion to Intervene or Otherwise Be Heard in the Trustee's Motion for Relief from Judgment and Any Related Appeal* (the "Motion") in these cases.

   PLEASE TAKE FURTHER NOTICE that your rights may be affected by the Motion.  You should read the Motion carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult with one.

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be held on **September 12, 2022, at 9:30 a.m. (ET)** before the Honorable J. Craig Whitley at the United States Bankruptcy Court, Charles Jonas Federal Building, Courtroom 2B, 401 West Trade Street, Charlotte, North Carolina 28202.

PLEASE TAKE FURTHER NOTICE that the Court may grant the relief requested in the Motion at said hearing.  No further notice will be given.  In order to have any opposition considered, you shall:

1.      File a formal, written response with the Bankruptcy Court at:

        Clerk, United States Bankruptcy Court
        Charles Jonas Federal Building
        401 West Trade Street
        Charlotte, NC  28202

2.      Serve a copy of your response on all parties in interest, including:

      a)      Joel Ruderman
            Pension Benefit Guaranty Corporation
            Office of the General Counsel
            445 12th Street SW
            Washington, DC  20024-2101

      b)      U.S. Bankruptcy Administrator
            402 West Trade Street
            Charlotte, NC  28202

PLEASE TAKE FURTHER NOTICE that if you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting the relief requested.  No further notice of the hearing will be given.

Dated: August 26, 2022
Washington, D.C.

*/s/ Joel W. Ruderman*
KAREN L. MORRIS
General Counsel
CRAIG T. FESSENDEN
Deputy General Counsel
JOEL W. RUDERMAN
PAULA J. CONNELLY
Assistant General Counsels
CAROLYN J. LACHMAN
Attorney
PENSION BENEFIT GUARANTY
CORPORATION
Office of the General Counsel
445 12th Street SW
Washington, DC 20024-2101
Phone: (202) 229-3926
Fax: (202) 326-4138
Emails: ruderman.joel@pbgc.gov and
efile@pbgc.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re:<br><br>**JTR1, LLC**,<br>                    Debtor. | Chapter 7<br>Case No. 20-30141<br><br>Honorable Craig Whitley |
| **A. BURTON SHUFORD, TRUSTEE OF THE BANKRUPTCY ESTATE OF JTR1, LLC f/d/b/a JTR, LLC**,<br>                    Plaintiff,<br><br>v.<br><br>**JMC FINANCIAL HOLDINGS, LLC,**<br>                    Defendants. | Adversary Proceeding<br>No. 22-3007 |
| **A. BURTON SHUFORD, TRUSTEE**<br>                    Plaintiff,<br><br>v.<br><br>**TMC FINANCIAL, LLC,**<br>                    Defendant. | Adversary Proceeding<br>No. 22-3017 |
| **A. BURTON SHUFORD, TRUSTEE**<br>                    Plaintiff,<br><br>v.<br><br>**BJS INSURANCE, LLC, et al.,**<br>                    Defendant. | Adversary Proceeding<br>No. 22-3018 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, copies of the foregoing were served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for these cases.

Dated: August 26, 2022
Washington, D.C.

/s/ Joel W. Ruderman
Joel W. Ruderman
PENSION BENEFIT GUARANTY
CORPORATION
Office of the General Counsel
445 12th Street SW
Washington, DC 20024-2101