**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 20-30141 |
| | ) | |
|     JTR1, LLC, | ) | |
| | ) | |
|     Debtor. | ) | Chapter 7 |
| | ) | |
| A. Burton Shuford, Trustee for JTR1, LLC f/d/b/a/JTR, LLC, | ) ) ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 22-03004 |
| | ) | |
| Richard Kearns and Ysbell Kearns, | ) | |
| | ) | |
|     Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PENSION BENEFIT GUARANTY CORPORATION'S MOTION TO INTERVENE

**NOW COMES** Richard Kearns and Ysbell Kearns, defendants herein (the "Kearnses"), by and through undersigned counsel, hereby submits this response (the "Response") to the Motion to Intervene [Doc. 27] (the "Motion") filed by the Pension Benefit Guaranty Corporation (the "PBGC") and requests the court deny it's Motion based on the following:

1. The PBGC argues it should be allowed to permissively intervene (Rule 24(b)) or, alternatively, allowed to intervene under the court's equitable power. Specifically, the PBGC seeks to intervene or otherwise be heard solely with respect to the Trustee's motion for relief from judgment – not in the actual adversary proceeding.

## THE MOTION IS NOT TIMELY

2. Under Fourth Circuit law, "[a] party seeking to intervene under either [Rule] 24(a) or 24(b) may do so only upon the filing of a 'timely motion.'" *Alt v. U.S. E.P.A.*, 758 F.3d 588,

PPAB 7915792v1

591 (4th Cir. 2014). In other words, timeliness is a threshold issue. *Houston Gen. Ins. Co. v. Moore*, 194 F.3d 838, 839 (4th Cir. 1999) ("timeliness is a 'cardinal consideration' of whether to permit intervention").

3. To determine whether a motion to intervene is timely, a bankruptcy court assess three factors: "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt*, 758 F.3d at 591 (citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989). In fact, where a final judgment has been entered, courts are considerably reluctant to allow intervention and will only permit the same upon a strong showing by the applicant. *Houston General Ins. Co.*, 193 F.3d at 840 ("Although entry of final judgment is not an absolute bar to filing a motion to intervene, the authorities note that: '[t]here is considerable reluctance on the part of courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant.'") (citation omitted). Indeed, "a movant's failure to seek intervention in a timely manner is sufficient to justify denial of such a motion." *Scott v. Bond*, 734 F. App'x 188, 190 (4th Cir. 2018).

4. The PBGC argues that it has met the timeliness requirement because the Adversary Proceeding was commenced 6 months ago, the Order Granting Defendants' Motions to Dismiss (the "Order") is less than 2 weeks old, and Defendants have not filed an answer. As to the second factor, prejudice from the potential delay, the PBGC merely states that Defendants would not be prejudice as it does not seek to extend any deadlines related to the Trustee's Motion. Finally, as to the reason for its tardiness, the PBGC provides absolutely no reason or justification whatsoever. The PBGC fails the timeliness factor in multiple ways.

5. First, the suit has clearly progressed to the point where intervention is not timely. *See e.g. Bumgardner v. Boothe*, 798 F.App'x 770 (4th Cir. 2020) (intervention not timely where intervenors filed motion after judgment and termination of case). The Complaint was filed

in February, the motion filed in August 10, 2022, five briefs were filed over the course of approximately five months, the Motion to Dismiss was heard over the course of three hearings, and final judgment has been entered.

6. Second, the prejudice to the Defendants would be substantial. The PBGC and Trustee "misapprehend intervention as a tool to simply challenge a judgment under [Rule 60(b)]." *In re Sanctuary Belize Litig.*, No. CV PJM 18-3309, 2022 WL 2528428, at *6 (D. Md. July 7, 2022). The PBGC, should it be permitted to intervene, would be entitled to file pleadings, issue discovery, and further delay relief to these Defendants. *Id*. In any event, permitting intervention would require the Defendants to gin up an untold number of additional pleadings, would undoubtedly lead to discovery (possibly ranging back beyond 6 years), and, most importantly, it would prejudice the individual Defendants, who eagerly await a conclusion of this case and have been forced to put their lives on hold after the passage of over 6 years.

7. Third, the PBGC has no explanation – nor could it – for its tardiness in seeking to "intervene to explain [to the Court]" why the Court is incorrect. Even if the PBGC and Trustee had some justification for challenging the Court's judgment – which they do not – the Motion to Intervene could have been filed at any point over the course of the 6 months during the Adversary Proceeding. The PBGC knew of the consequences of an adverse ruling, advised and consulted the Trustee in defense of the Motion to Dismiss, and had every opportunity to intervene and "explain why" the Court is allegedly incorrect. *See e.g. U.S. v. Alisal Water Corp.*, 370 F.3d 915, 923 (9th Cir. 2004) ("There is no evidence that [Movant] was unaware of the proceedings. Indeed, the record supports the finding that [Movant] was keenly aware of the litigation throughout its lifespan."). This alone is reason to deny the Motion. *Warch v. Int'l Longshoremen's Ass'n, Loc. 333*, 570 F.App'x 314 (4th Cir. 2014) ("A post-judgment motion to intervene 'will usually be denied where a clear opportunity for pre-judgment intervention was not taken'"), citing *Associated*

*Builders & Contractors, Inc. v. Herman*, 166 F.3d 1248, 1257 (D.C. Cir. 1999). The PBGC voluntarily chose to ignore this Adversary Proceeding and only now wishes to be heard because it does not like the Court's decision. This alone is reason to deny the Motion. *Id.* ("A party must intervene when he 'knows or has reason to know that his interests might be adversely affected by the outcome in litigation'") (citation omitted).

8.    Finally, the PBGC requests that the Court use its equitable powers to permit intervention. If anything, it would be completely inequitable to allow the PBGC to intervene at this time. The PBGC chose to not intervene in this Adversary Proceeding earlier because it, for whatever reason, believed it was not important enough to do so. The PBGC should not be permitted to intervene simply because it does not like the outcome of its gamble. *See Alt*, 758 F.3d at 591 (proposed intervenor "gambled and lost in the execution of its litigation strategy. Such deliberate forbearance understandably engenders little sympathy."). Moreover, allowing intervention would cut against courts in the Fourth Circuit's long line of cases that emphasize that "[l]imiting opportunities to intervene is essential to ensuring that cases – particularly complex cases such as this – proceed in a reasonable manner, that judgments remain final, and that the time of all parties involved is appreciated." *In re Sanctuary Belize Litigation,* 2022 WL 2528428, at *7.

## THE MOTION IS PROCEDURALLY DEFECTIVE

9.    Rule 24 requires that a motion to intervene "state the grounds for intervention ***and be accompanied by a pleading*** that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c) (emphasis added). All parties, including the United States, must generally accompany a motion to intervene with a pleading – i.e. answer of complaint. *Walker v. Reynolds Metals Co.*, 87 F. Supp. 283, 284 (D. Or. 1949) ("To allow the United States thus to intervene at large would be contrary to all our notions of orderly procedure in litigation.").

10. As noted above, the PBGC seeks to intervene for the limited purpose of "be[ing] heard with respect to the Trustee's *Motion for Relief from Judgment and any related appeal*." Doc. 27 (emphasis added). The PBGC *does not have a claim or defense* in this AP – consequently, it could not and has not filed a pleading as required by Rule 24.

## CONCLUSION

11. The Motion is not timely and is procedurally defective. There is no excuse for the PBGC's delay and there is no reason to justify further delay. "To put it another way: the ship has sailed." *In re Sanctuary Belize Litigation,* 2022 WL 2528428, at *6 (holding that intervention was not timely where adversary proceeding progressed to final judgment, party knew and had reason to know of the adversary proceeding, party had opportunity to timely intervene prior to final judgment, but did not seek to do so).

This the 8th day of September, 2022.

/s/ Ashley A. Edwards, Esq.
Ashley A. Edwards, Esq. (N.C. Bar No. 40695)
Phillip M. Fajgenbaum, Esq. (N.C. Bar No. 52128)
Patricia M. Adcroft, Esq. (N.C. Bar No. 50851)
Parker Poe Adams & Bernstein LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
ashleyedwards@parkerpoe.com
phillipfajgenbaum@parkerpoe.com
pattyadcroft@parkerpoe.com
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANTS' RESPONSE TO PENSION BENEFIT GUARANTY CORPORATION'S MOTION TO INTERVENE** was served on this day via the Court's CM/ECF electronic e-mail service on the following:

Melanie D. Johnson Raubach
Hamilton Stephens Steele Martin PLLC
525 N. Tryon Street, Suite 1400
Charlotte, NC 28202
*Attorney for Plaintiffs*

Karen L. Morris
Craig T. Fessensen
Joel W. Ruderman
Paula J. Connelly
Carolyn J. Lachman
Pension Benefit Guaranty Corporation
Office of the General Counsel
445 12th Street, SW
Washington, DC 20024-2101
*Attorneys for the Pension Benefit Guaranty Corporation*

This the 8th day of September, 2022.

/s/ Ashley A. Edwards, Esq.
Ashley A. Edwards, Esq. (N.C. Bar No. 40695)
Phillip M. Fajgenbaum, Esq. (N.C. Bar No. 52128)
Patricia M. Adcroft, Esq. (N.C. Bar No. 50851)
Parker Poe Adams & Bernstein LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
ashleyedwards@parkerpoe.com
phillipfajgenbaum@parkerpoe.com
pattyadcroft@parkerpoe.com
*Attorneys for Defendants*

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 20-30141 |
| | ) | |
| JTR1, LLC, | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| _____ | ) | |
| | ) | |
| A. Burton Shuford, Trustee for JTR1, LLC f/d/b/a/JTR, LLC, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) ) | Adversary Proceeding No. 22-03008 |
| | ) | |
| Mark Mullady, | ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S RESPONSE TO PENSION BENEFIT GUARANTY CORPORATION'S MOTION TO INTERVENE

**NOW COMES** Mark Mullady, defendant herein ("Mullady"), by and through undersigned counsel, hereby submits this response (the "Response") to the Motion to Intervene [Doc. 28] (the "Motion") filed by the Pension Benefit Guaranty Corporation (the "PBGC") and requests the court deny it's Motion based on the following:

1. The PBGC argues it should be allowed to permissively intervene (Rule 24(b)) or, alternatively, allowed to intervene under the court's equitable power. Specifically, the PBGC seeks to intervene or otherwise be heard solely with respect to the Trustee's motion for relief from judgment – not in the actual adversary proceeding.

## THE MOTION IS NOT TIMELY

2. Under Fourth Circuit law, "[a] party seeking to intervene under either [Rule] 24(a) or 24(b) may do so only upon the filing of a 'timely motion.'" *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014). In other words, timeliness is a threshold issue. *Houston Gen. Ins. Co. v.*

*Moore*, 194 F.3d 838, 839 (4th Cir. 1999) ("timeliness is a 'cardinal consideration' of whether to permit intervention").

3. To determine whether a motion to intervene is timely, a bankruptcy court assess three factors: "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt*, 758 F.3d at 591 (citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989). In fact, where a final judgment has been entered, courts are considerably reluctant to allow intervention and will only permit the same upon a strong showing by the applicant. *Houston General Ins. Co.*, 193 F.3d at 840 ("Although entry of final judgment is not an absolute bar to filing a motion to intervene, the authorities note that: '[t]here is considerable reluctance on the part of courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant.'") (citation omitted). Indeed, "a movant's failure to seek intervention in a timely manner is sufficient to justify denial of such a motion." *Scott v. Bond*, 734 F. App'x 188, 190 (4th Cir. 2018).

4. The PBGC argues that it has met the timeliness requirement because the Adversary Proceeding was commenced 6 months ago, the Order Granting Defendants' Motions to Dismiss (the "Order") is less than 2 weeks old, and Mullady has not filed an answer. As to the second factor, prejudice from the potential delay, the PBGC merely states that Mullady would not be prejudiced as the PBGC does not seek to extend any deadlines related to the Trustee's Motion. Finally, as to the reason for its tardiness, the PBGC provides absolutely no reason or justification whatsoever. The PBGC fails the timeliness factor in multiple ways.

5. First, the suit has clearly progressed to the point where intervention is not timely. *See e.g. Bumgardner v. Boothe*, 798 F.App'x 770 (4th Cir. 2020) (intervention not timely where intervenors filed motion after judgment and termination of case). The Complaint was filed in February, the Motion filed on August 10, 2022, five briefs were filed over the course of

approximately five months, the Motion to Dismiss was heard over the course of three hearings, and final judgment has been entered.

6. Second, the prejudice to Mullady would be substantial. The PBGC and Trustee "misapprehend intervention as a tool to simply challenge a judgment under [Rule 60(b)]." *In re Sanctuary Belize Litig.*, No. CV PJM 18-3309, 2022 WL 2528428, at *6 (D. Md. July 7, 2022). The PBGC, should it be permitted to intervene, would be entitled to file pleadings, issue discovery, and further delay relief to Mullady. *Id*. In any event, permitting intervention would require Mullady to gin up an untold number of additional pleadings, would undoubtedly lead to discovery (possibly ranging back beyond 6 years), and, most importantly, it would prejudice Mullady, an individual, who eagerly awaits a conclusion of this case and has been forced to put his life on hold after the passage of over 6 years.

7. Third, the PBGC has no explanation – nor could it – for its tardiness in seeking to "intervene to explain [to the Court]" why the Court is incorrect. Even if the PBGC and Trustee had some justification for challenging the Court's judgment – which they do not – the Motion could have been filed at any point over the course of the 6 months during the Adversary Proceeding. The PBGC knew of the consequences of an adverse ruling, advised and consulted the Trustee in defense of the Motion to Dismiss, and had every opportunity to intervene and "explain why" the Court is allegedly incorrect. *See e.g. U.S. v. Alisal Water Corp.*, 370 F.3d 915, 923 (9th Cir. 2004) ("There is no evidence that [Movant] was unaware of the proceedings. Indeed, the record supports the finding that [Movant] was keenly aware of the litigation throughout its lifespan."). This alone is reason to deny the Motion. *Warch v. Int'l Longshoremen's Ass'n, Loc. 333*, 570 F.App'x 314 (4th Cir. 2014) ("A post-judgment motion to intervene 'will usually be denied where a clear opportunity for pre-judgment intervention was not taken'"), citing *Associated Builders & Contractors, Inc. v. Herman*, 166 F.3d 1248, 1257 (D.C. Cir. 1999). The PBGC

voluntarily chose to ignore this Adversary Proceeding and only now wishes to be heard because it does not like the Court's decision. This alone is reason to deny the Motion. *Id*. ("A party must intervene when he 'knows or has reason to know that his interests might be adversely affected by the outcome in litigation'") (citation omitted).

8. Finally, the PBGC requests that the Court use its equitable powers to permit intervention. If anything, it would be completely inequitable to allow the PBGC to intervene at this time. The PBGC chose to not intervene in this Adversary Proceeding earlier because it, for whatever reason, believed it was not important enough to do so. The PBGC should not be permitted to intervene simply because it does not like the outcome of its gamble. *See Alt*, 758 F.3d at 591 (proposed intervenor "gambled and lost in the execution of its litigation strategy. Such deliberate forbearance understandably engenders little sympathy."). Moreover, allowing intervention would cut against courts in the Fourth Circuit's long line of cases that emphasize that "[l]imiting opportunities to intervene is essential to ensuring that cases – particularly complex cases such as this – proceed in a reasonable manner, that judgments remain final, and that the time of all parties involved is appreciated." *In re Sanctuary Belize Litigation,* 2022 WL 2528428, at *7.

### THE MOTION IS PROCEDURALLY DEFECTIVE

9. Rule 24 requires that a motion to intervene "state the grounds for intervention ***and be accompanied by a pleading*** that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c) (emphasis added). All parties, including the United States, must generally accompany a motion to intervene with a pleading – i.e. answer of complaint. *Walker v. Reynolds Metals Co.*, 87 F. Supp. 283, 284 (D. Or. 1949) ("To allow the United States thus to intervene at large would be contrary to all our notions of orderly procedure in litigation.").

10. As noted above, the PBGC seeks to intervene for the limited purpose of "be[ing] heard with respect to the Trustee's ***Motion for Relief from Judgment and any related appeal***." Doc. 27 (emphasis added). The PBGC ***does not have a claim or defense*** in this AP – consequently, it could not and has not filed a pleading as required by Rule 24.

## CONCLUSION

11. The Motion is not timely and is procedurally defective. There is no excuse for the PBGC's delay and there is no reason to justify further delay. "To put it another way: the ship has sailed." *In re Sanctuary Belize Litigation,* 2022 WL 2528428, at *6 (holding that intervention was not timely where adversary proceeding progressed to final judgment, party knew and had reason to know of the adversary proceeding, party had opportunity to timely intervene prior to final judgment, but did not seek to do so).

This the 8th day of September, 2022.

/s/ Ashley A. Edwards, Esq.
Ashley A. Edwards, Esq. (N.C. Bar No. 40695)
Phillip M. Fajgenbaum, Esq. (N.C. Bar No. 52128)
Patricia M. Adcroft, Esq. (N.C. Bar No. 50851)
Parker Poe Adams & Bernstein LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
ashleyedwards@parkerpoe.com
phillipfajgenbaum@parkerpoe.com
pattyadcroft@parkerpoe.com
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANT'S RESPONSE TO PENSION BENEFIT GUARANTY CORPORATION'S MOTION TO INTERVENE** was served on this day via the Court's CM/ECF electronic e-mail service on the following:

Melanie D. Johnson Raubach
Hamilton Stephens Steele Martin PLLC
525 N. Tryon Street, Suite 1400
Charlotte, NC 28202
*Attorney for Plaintiffs*

Karen L. Morris
Craig T. Fessensen
Joel W. Ruderman
Paula J. Connelly
Carolyn J. Lachman
Pension Benefit Guaranty Corporation
Office of the General Counsel
445 12th Street, SW
Washington, DC 20024-2101
*Attorneys for the Pension Benefit Guaranty Corporation*

This the 8th day of September, 2022.

/s/ Ashley A. Edwards, Esq.
Ashley A. Edwards, Esq. (N.C. Bar No. 40695)
Phillip M. Fajgenbaum, Esq. (N.C. Bar No. 52128)
Patricia M. Adcroft, Esq. (N.C. Bar No. 50851)
Parker Poe Adams & Bernstein LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
ashleyedwards@parkerpoe.com
phillipfajgenbaum@parkerpoe.com
pattyadcroft@parkerpoe.com
*Attorneys for Defendants*