KAREN L. MORRIS
General Counsel
CRAIG T. FESSDENDEN
Deputy General Counsel
JOEL W. RUDERMAN
PAULA J. CONNELLY
Assistant General Counsels
CAROLYN J. LACHMAN
Attorney
Office of the General Counsel
PENSION BENEFIT GUARANTY
CORPORATION
445 12th Street SW
Washington, DC 20024-2101
Tel.:  202-229-3926
Fax:  202-326-4138
Emails: ruderman.joel@pbgc and
efile@pbgc.gov

*Attorneys for the Pension Benefit Guaranty Corporation*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re:<br><br>**JTR1, LLC**,<br>　　　　　　Debtor. | Chapter 7<br>Case No. 20-30141<br><br>Honorable Craig Whitley |
| **A. BURTON SHUFORD, TRUSTEE OF THE BANKRUPTCY ESTATE OF JTR1, LLC f/d/b/a JTR, LLC**,<br>　　　　　　Plaintiff,<br><br>v.<br><br>**BJS INSURANCE, LLC, et al.**,<br>　　　　　　Defendants. | Adversary Proceeding<br>No. 22-3018 |

**PENSION BENEFIT GUARANTY CORPORATION'S REPLY
IN SUPPORT OF ITS MOTION TO INTERVENE OR OTHERWISE BE HEARD**

On August 12, 2022, this Court entered an Order Granting Defendants' Motion to Dismiss Specified Claims (the "Dismissal Order").[1] The Court, by reference to the Kearns Dismissal Order, ruled that the claims of the Pension Benefit Guaranty Corporation ("PBGC") in JTR's bankruptcy did not fall within the meaning of "debt" as used in the Federal Debt Collection Procedures Act ("FDCPA").[2] More specifically, the Court held that PBGC's claims were not obligations "owing to the United States," but instead, were "debt[s] owed to the Freedom Plan and its beneficiaries."[3] The Defendants did not raise this argument in support of their motion to dismiss,[4] and the issue was not briefed. On August 26, 2022, within two weeks of the Dismissal Order, PBGC filed its Motion to Intervene or Otherwise Be Heard on the Trustee's Motion for Relief from Judgment and any Related Appeal (the "Motion").[5]

Because of PBGC's structure and function, PBGC submits that the Court's ruling is based on a factual error. As shown in the Motion and supporting Declarations, any recoveries on PBGC's claims will go directly into PBGC's coffers, comingled with other assets, and will not affect the benefits of Freedom Plan participants. Thus, PBGC is the sole entity with the "financial stake" the Court sought.[6]

---

[1] Order Granting Defs.' Mots. to Dismiss Specified Claims, Shuford v. BJS Insurance, LLC et al. (*In re* JTR1, LLC), Ch. 7 Case No. 20-30141, Adv. No. 22-3018 (Bankr. W.D.N.C. Aug. 12, 2022). *See also* Order Granting Defs.' Mots. to Dismiss, Shuford v. Kearns (*In re* JTR1, LLC), Ch. 7 Case No. 20-30141, Adv. No. 22-3004 (Bankr. W.D.N.C. July 28, 2022) (the "Kearns Dismissal Order"). Initially, the Court announced its ruling at a hearing on June 14, 2022. In doing so, the Court stated that it would prepare an order setting forth its ruling. The Kearns Order was entered on July 28, 2022, and, as noted above, this Dismissal Order was entered on August 12, 2022.
[2] 28 U.S.C. § 1302 *et seq.*
[3] Kearns Dismissal Order at 10-11.
[4] Joinder to Mots. to Dismiss, Adv. No. 22-3018 (May 4, 2022) (adopting, in part, Mot. to Dismiss and Brief in Support of Mot. to Dismiss, Adv. No. 22-3013 (Apr. 8, 2022) ("Etaros Motion to Dismiss") and Mot. to Dismiss Compl., Adv. No. 22-3008 (Mar. 28, 2022) ("Mullady Motion to Dismiss")).
[5] PBGC incorporates by reference herein the facts and legal arguments set forth in the Motion.
[6] PBGC is a party aggrieved by this Court's Order and is entitled to appeal the ruling. *U.S. Trustee v. Clark (In re Clark)*, 927 F.2d 793, 795 (4th Cir. 1991).

Defendants, by adopting Kearns Response to PBGC, make three arguments in opposition to the Motion: (i) Defendants would be prejudiced by the granting of the Motion as PBGC would be entitled to file pleadings, issue discovery and further delay this proceeding; (ii) PBGC did not accompany the Motion with a pleading that sets out its claims and defenses; and (iii) the Motion is untimely.[7]

With regard to the first two arguments, PBGC does not seek to prosecute the Trustee's causes of action.  PBGC does not seek to file pleadings or issue discovery.  PBGC filed the Motion to explain why the Court's ruling was factually incorrect.[8]  To the extent Fed. R. Civ. P. 24(b) does not apply, PBGC asks this Court, as a court of equity, to allow PBGC to be heard.[9]

With regard to timeliness, PBGC filed the Motion approximately two weeks after the entry of the Dismissal Order.  The ruling was based on cases that were not raised by the Defendants and not briefed by any of the parties.[10]  No evidence was presented to explain how PBGC would receive and apply recoveries in this bankruptcy case.  Once the Dismissal Order was entered, PBGC promptly sought to explain to the Court that any funds that PBGC recovers on its bankruptcy claims would go directly into PBGC's coffers, commingled with other assets, and would have no effect on Freedom Plan participants' benefits.[11]

Accordingly, for the reasons set forth above and in the Motion, PBGC requests that this Court grant the Motion and grant such other relief as the Court deems proper.

---

[7] Resp. to Pension Benefit Guaranty Corp.'s Mot. to Intervene, Adv. No. 22-3018 (Sept. 8, 2022) (adopting Defs.' Resp. to Pension Benefit Guaranty Corp.'s Mot. to Intervene, Adv. Nos. 22-3004 and 22-3008 (Sept. 8, 2022) ("Kearns Response to PBGC").
[8] Kearns Response to PBGC, Adv. Nos. 22-3004 and 22-3008 at 1-2 (Aug. 10, 2022).
[9] *Id.* at 2, n.8.
[10] Kearns Motion to Dismiss, *supra* n.4, principally relies upon the 11th Circuit's decision in *Durango-Georgia Paper Co. v. H.G. Est., LLC*, 739 F.3d 1263 (11th Cir. 2014).  *Durango* is inapposite to this case.  Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss, Shuford v. Etaros Actuarial Services, LLC (*In re* JTR1, LLC), Ch. 7 Case No. 20-30141, Adv. No. 22-3013 at 6 (Aug. 12, 2022).
[11] Motion at 4-5.

3

                                                Respectfully submitted,

Dated: September 13, 2022        /s/ Joel W. Ruderman
Washington, D.C.                    KAREN L. MORRIS
                                        General Counsel
                                        CRAIG T. FESSENDEN
                                        Deputy General Counsel
                                        JOEL W. RUDERMAN
                                        PAULA J. CONNELLY
                                        Assistant General Counsels
                                        CAROLYN J. LACHMAN
                                        Attorney
                                        PENSION BENEFIT GUARANTY
                                        CORPORATION
                                        Office of the General Counsel
                                        445 12th Street SW
                                        Washington, DC 20024-2101
                                        Phone: (202) 229-3926
                                        Fax: (202) 326-4138
                                        Emails: ruderman.joel@pbgc.gov and
                                        efile@pbgc.gov