

FILED & JUDGMENT ENTERED
Steven T. Salata

September 20 2022

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| In re: | |
| **JTR1, LLC,** | Chapter 7 |
| Debtor. | Case No. 20-30141 |
| | |
| **A. BURTON SHUFORD, TRUSTEE OF THE BANKRUPTCY ESTATE OF JTR1, LLC f/d/b/a JTR, LLC,** | |
| Plaintiff, | Adversary Proceeding No. 22-3007 |
| v. | |
| **JMC FINANCIAL HOLDINGS, LLC,** | |
| Defendant. | |
| | |
| **A. BURTON SHUFORD, TRUSTEE,** | |
| Plaintiff, | Adversary Proceeding No. 22-3017 |
| v. | |
| **TMC FINANCIAL, LLC,** | |
| Defendant. | |

| | | |
|---|---|---|
| **A. BURTON SHUFORD, TRUSTEE,** | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 22-3018 |
| v. | ) | |
| | ) | |
| **BJS INSURANCE, LLC et. al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **A. BURTON SHUFORD, TRUSTEE,** | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 22-3004 |
| v. | ) | |
| | ) | |
| **RICHARD KEARNS and YSBELL KEARNS,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **A. BURTON SHUFORD, TRUSTEE,** | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 22-3008 |
| v. | ) | |
| | ) | |
| **MARK MULLADY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| **A. BURTON SHURFORD, TRUSTEE,** | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 22-3013 |
| v. | ) | |
| | ) | |
| **ETAROS ACTUARIAL SERVICES, LLC;** | ) | |
| **TRACI CHRISTIAN; and WITKOW BASKIN,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING TRUSTEE'S MOTION FOR RELIEF FROM JUDGMENT AND PBGC'S MOTION TO INTERVENE OR OTHERWISE BE HEARD**

**THESE MATTERS** are before the court on the Trustee's Motion for Relief from Judgment (the "Motion for Relief") and the Pension Benefit Guaranty Corporation's (the "PBGC") Motion to Intervene or Otherwise be Heard on the Trustee's Motion for Relief from Judgment and Any Related Appeal (the "Motion to Intervene," and collectively, the "Motions").

The facts relevant to this adversary proceeding are outlined in a previous order. See generally Shuford v. Kearns et. al. (In re JTR1, LLC), No. 20-30141, Adv. No. 22-3008, 2022 WL 3009620 (Bankr. W.D.N.C. July 28, 2022) (the "Kearns Order"). As outlined in the Kearns Order, the Debtor commenced this Chapter 7 bankruptcy on February 6, 2020. The Debtor made various cash transfers between 2014 and 2019 (the "Transfers") to other entities prior to filing bankruptcy, and the Trustee maintains that these transfers are avoidable fraudulent transfers. Among the transferees were the above captioned Defendants (collectively, the "Defendants"). The largest creditor in the case is the PBGC, which holds an allowed unsecured claim totaling $6,645,541.

In the Kearns Order entered on July 28, 2022, the court concluded that the debt owed to the PBGC does not constitute a "debt owing to the United States" under the FDCPA. As a result, any of the Transfers that occurred more than four years prior to the petition date were found to be unrecoverable. Accordingly, the court dismissed the Counts in each of the above captioned adversary proceedings in which the Defendants alleged fraudulent transfers more than four years prior to the petition date.

Thereafter, the Trustee filed the Motion for Relief in each of the Adversary Proceedings. In addition, the PBGC filed the Motion to Intervene in all but one of the Adversary Proceedings.[1]

---

[1] The PBGC did not file the Motion to Intervene in Adversary Proceeding no. 22-3013.

The Defendants subsequently filed timely responses and joinders. The Trustee, PBGC, and the Defendants each filed in briefs in support of their respective pleadings prior to the hearing.

The matters all came on for hearing on September 19, 2022. The Chapter 7 Trustee, counsel for the Trustee, counsel for the PBGC, counsel for Defendants Kearns and Mullady, counsel for Defendants Etaros et. al, counsel for Defendants BJS Insurance, LLC et. al., and counsel for Defendants JMC Financial, LLC and TMC Financial, LLC noted appearances. At the hearing, the court heard arguments from all the parties. After considering the pleadings, briefs, and arguments of the parties, the court concluded that it must deny the Motions. In reaching this conclusion, the court made supplemental comments on the record clarifying the Kearns Order. Furthermore, the Motion to Intervene was found to be inappropriate given that this is a Chapter 7 case, and therefore, the PBGC's interest as a creditor is adequately represented by the Chapter 7 Trustee.

Accordingly, for the reasons stated in the Kearns Order and for those stated on the record, the court hereby **DENIES** the Motion to Intervene and Motion and the Motion for Relief.

**SO ORDERED.**

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |