IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| **JTR1, LLC f/d/b/a JTR, LLC** | ) | |
| | ) | Case No. 20-30141 |
| Debtor. | ) | |
| | ) | |
| **A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC,** | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adv. Proc. No. 22-03007 |
| | ) | |
| **JMC Financial Holdings, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| **A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC,** | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adv. Proc. No. 22-03017 |
| | ) | |
| **TMC Financial, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| **A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC,** | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. 22-03018 |
| vs. | ) | |
| | ) | |
| **BJS Insurance, LLC** and **JJM, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

1

## MOTION TO APPROVE SETTLEMENT
## PURSUANT TO BANKRUPTCY RULE 9019

A. Burton Shuford, as Trustee for the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC

(the "Trustee" or "Plaintiff"), moves for entry of an order approving the joint settlement with JMC

Financial Holdings, LLC ("JMC"), TMC Financial, LLC ("TMC"), BJS Insurance, LLC ("BJS

Insurance"), and JJM, LLC ("JJM" and with BJS Insurance, TMC, and JMC collectively, the

"Defendants", and with the Plaintiff, the "Parties"), attached as **Exhibit A** to this Motion (the

"Agreement"), pursuant to Local Bankruptcy Rule 9019-1(a) and Bankruptcy Rule 9019 of the

Federal Rules of Civil Procedure.[1]  In support of this Motion, the Plaintiff respectfully asserts the

following:

## JURISDICTION AND VENUE

1.      This court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is appropriate in this district

pursuant to 28 U.S.C. § 1409.

## BACKGROUND AND PROCEDURAL HISTORY

2.      The Plaintiff is the duly appointed, acting and qualified Chapter 7 Trustee for the

Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC.

3.      JTR1, LLC, a Delaware limited liability company, f/d/b/a JTR, LLC (the "Debtor")

is the debtor in the bankruptcy case bearing Case Number 20-30141 (the "Bankruptcy Case"), filed

on February 6, 2020 (the "Petition Date"), and pending in the Bankruptcy Court for the Western

District of North Carolina (the "Court").

---

[1] All capitalized terms used in this Motion shall have the same meaning ascribed to them in the Settlement Agreement
and Release.  To the extent any terms in the Motion are inconsistent with the Settlement Agreement and Release, the
Settlement Agreement and Release shall control.

4854-8577-3187, v. 4

4.      On February 4, 2022, Plaintiff commenced an action pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure by filing a Complaint in the matter known as *A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC v. JMC Financial Holdings, LLC*, Adv. Proc. No. 22-03007 [Doc. 1] (the "JMC Lawsuit").

5.      As described in the JMC Complaint, between April 23, 2014, and December 28, 2018, the Debtor made various cash transfers to JMC in advance of the Petition Date, in the total amount of $1,263,562.21 (the "JMC Transfers").

6.      On February 4, 2022, Plaintiff commenced an action pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure by filing a Complaint in the matter known as *A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC v. TMC Financial, LLC*, Adv. Proc. No. 22-03017 [Doc. 1] (the "TMC Lawsuit").

7.      As described in the TMC Complaint, between February 25, 2014, and December 28, 2018, the Debtor made various cash transfers to TMC in advance of the Petition Date, in the total amount of $863,161.75 (the "TMC Transfers").

8.      On February 4, 2022, Plaintiff commenced an action pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure by filing a Complaint in the matter known as *A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC v. BJS Insurance, LLC and JJM, LLC*, Adv. Proc. No. 22-03018 [Doc. 1] (the "BJS / JJM Lawsuit" and together with the TMC Lawsuit and the JMC Lawsuit, the "Lawsuits").

9.      As described in the BJS / JJM Complaint, between December 30, 2015, and April 5, 2019, the Debtor made various cash and property transfers to BJS and/or JJM in advance of the Petition Date, in an estimated total amount of $3,111,853.00 (the "BJS / JJM Transfers" and together with the JMC Transfers and the TMC Transfers, the "Transfers").

3

10.     Plaintiff alleged that the Transfers constituted transfers of an interest of the Debtor in property.

11.     In the Lawsuits, the Plaintiff moved to avoid and recover the Transfers from the Defendants.

12.     Defendants each filed a Motion to Dismiss in the Lawsuits, which was granted in part and denied in part.

13.     Following resolution of the Motions to Dismiss, the remaining transfers at issue in the JMC Lawsuit totaled $915,447.20 (the "Remaining JMC Transfers").

14.     Following resolution of the Motions to Dismiss, the remaining transfers at issue in the TMC Lawsuit totaled $575,828.00 (the "Remaining TMC Transfers").

15.     Following resolution of the Motions to Dismiss and the provision of additional information to the Trustee, which eliminated certain claims, the remaining transfers at issue in the BJS / JJM Lawsuit totaled known transfers of $584,561.00 (the "Remaining BJS / JJM Transfers" and together with the Remaining JMC Transfers and the Remaining TMC Transfers, the "Remaining Transfers").

16.     Due to the relationships among the Defendants in the cases, certain similarities in each of the cases, and in the interest of efficiency the Parties agreed to participate in a joint mediation of these matters, in which the Trustee and all the Defendants participated.  The Parties participated in two day-long mediation sessions to resolve all claims relating to the Remaining Transfers.

17.     Defendants also each provided verified financial information to the Trustee, which the Trustee considered in evaluating the potential for recovery on any judgment, if issued.

4854-8577-3187, v. 4

18.     Rather than engage in costly and protracted litigation that likely would further deplete the assets in Debtor's bankruptcy estate, the Parties have agreed to resolve, on the terms of the Agreement, the claims Plaintiff has asserted against the Defendants.  Through this Motion, Plaintiff seeks approval of the Agreement.

## SETTLEMENT TERMS

19.     The Agreement sets out the terms of the Parties' settlement in full.

20.     Generally, the Agreement provides for the release of the Defendants by Plaintiff in exchange for the Defendants' joint payment of Two Hundred Thousand and 00/100 Dollars ($200,000.00) (the "Settlement Payment").

21.     The Settlement Payment shall be delivered within thirty (30) days of the Court's entry of an Order approving this settlement.

22.     Following Plaintiff's receipt of (i) a fully executed copy of the Agreement, (ii) the approval of the Agreement by the Bankruptcy Court, and (iii) Plaintiff's receipt of the Settlement Payment, Plaintiff shall file a Voluntary Dismissal of the Lawsuits with prejudice.

## RELIEF REQUESTED

23.     Bankruptcy Rule 9019(a) states: "[o]n motion by the trustee and after notice and a hearing, the court may approved a compromise or settlement."

24.     Generally, "compromises are favored in bankruptcy."  *Myers v. Martin*, 91 F.3d 389, 393 (3rd Cir. 1996) (quoting 9 *Collier on Bankruptcy* ¶ 9019.03[1] (15th ed. 1993)).   In approving a settlement, the court "need not conduct an exhaustive investigation," or mini-trial, "into the validity of the merits of the claims sought to be compromised."  *United States v. Alaska Nat'l Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982).  It is sufficient that the

court finds that the settlement was negotiated in good faith as well as being reasonable, fair, and equitable. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

25.     Courts have identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of creditors. *See Myers*, 91 F.3d at 393 (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)).

26.     In the sound exercise of his business judgment, the Trustee has determined that the best interests of the bankruptcy estate and creditors are served by settling on the terms set forth above.  In reaching this conclusion, the trustee considered: (a) potential defenses, which the Defendants raised during the course of negotiation; (b) the costs and delay attendant to litigating with Defendants; (c) the risks of litigation with Defendants; (d) the ability to collect additional assets from Defendants; and (e) the lack of assets to which a judgment against the Defendants in favor of the bankruptcy estate could attach.

**27.**     The Plaintiff submits that the settlement proposed herein is reasonable, fair, and equitable, was negotiated at arms' length and in good faith, and yields funds that can be distributed to the creditors in this case.

## **CONCLUSION**

28.     The Agreement provides a resolution of all disputes between the Parties in interest to this bankruptcy case.  The terms are fair and reasonable and meet the standards required by Bankruptcy Rule 9019.

4854-8577-3187, v. 4

29.    Accordingly, the Plaintiff requests that the Court approve the Agreement and enter an order approving the Motion.[2]

Dated:  Charlotte, North Carolina
        October 20, 2023

HAMILTON STEPHENS
STEELE + MARTIN, PLLC

*/s/ Melanie D. Johnson Raubach*
Melanie D. Johnson Raubach (Bar No. 41929)
525 North Tryon Street, Suite 1400
Charlotte, North Carolina 28202
Telephone:  (704) 344-1117
Facsimile:  (704) 344-1483
mraubach@lawhssm.com
*Counsel for the Trustee*

---

[2] Attached to the Motion as Exhibit B is a proposed order approving this Motion.

7

4854-8577-3187, v. 4

## CERTIFICATE OF SERVICE

I hereby certify that on this date, copies of the *Motion to Approve Settlement Pursuant to Bankruptcy Rule 9019* and *Notice of Motion to Approve Settlement Pursuant to Bankruptcy Rule 9019 and Notice of Opportunity for Hearing* were served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case, and on this date by U.S. Mail, postage prepaid, to the parties listed on the attached **Service List**.

Dated: Charlotte, North Carolina
       October 20, 2023

                                    HAMILTON STEPHENS
                                    STEELE + MARTIN, PLLC

                                    */s/ Melanie D. Johnson Raubach*
                                    Melanie D. Johnson Raubach (Bar No. 41929)
                                    525 North Tryon Street, Suite 1400
                                    Charlotte, North Carolina 28202
                                    Telephone:  (704) 344-1117
                                    Facsimile:  (704) 344-1483
                                    mraubach@lawhssm.com
                                    *Counsel for the Trustee*

4854-8577-3187, v. 4

## SERVICE LIST

JTR1, LLC
814 Tyvola Rd, Suite 107
Charlotte, NC 28217-3539

Smiley Wang-Ekvall, LLP
c/o Robert S. Marticello
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626-7234

Charlotte Division
401 West Trade Street
Charlotte, NC 28202-1633

Aaron Kushner
396 Washington Street, #307
Wellesley Hills, MA 02481-6209

Alan J. Kornfeld
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd 13th Fl
Los Angeles, CA 90067-4114

Alexander H. Cote
Scheper Kim & Harris, LLP
800 West Sixth Street, 18th Floor
Los Angeles, CA 90017-2701

BJS Insurance
20005 Burdock Rd
Baltimore, MD 21209

Brandon J Witkow
21031 Ventura Blvd, Ste 603
Woodland Hills, CA 91364-2244

C&C Marketing, LLC
814 Tyvola Rd, Suite 107
Charlotte, NC 28217-3539

C2 Advisors, LLC
814 Tyvola Rd, Suite 107
Charlotte, NC 28217-3539

Charles E Canter
AUSA - US Attorneys Office
300 N Los Angeles St, Suite 7516
Los Angeles, CA 90012-3341

Christopher B Queally
Callahan & Blaine APLC
3 Hutton Centre Dr 9th  Fl
Santa Ana, CA 92707-5781

Cory A Baskin
Witkow Baskin
21031 Ventura Boulevard, Suite 603
Woodland Hills, CA 91364-2244

Cross Credit Capital, LLC
Attn Baruch Halpern
9601 Collins Avenue, Suite PH303
Miami Beach, FL 33154-2209

Edward Susolik
Callahan & Blaine, APLC
3 Hutton Centre Drive 9th Floor
Santa Ana, CA 92707-5781

Elissa A. Wagner
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd 13th Fl
Los Angeles, CA 90067-4114

Eric Spitz
225 19th St
Newport Beach, CA 92663-4507

Erin Cranman Witkow
Witkow Baskin
21031 Ventura Boulevard, Suite 603
Woodland Hills, CA 91364-2244

Erinn M. Contreras
Sheppard Mullin Richter & Hampton
4 Embarcadero Center 17th Floor
San Francisco, CA 94111-4158

9

Etaros Acturial Services, LLC
5008 W. 129th St.
Leawood, KS 66209-1884

Financial Institution Consulting Corp
1755 Lynnfield Rd, #106
Memphis, TN 38119-7233

Internal Revenue Service
P.O. Box 7317
Philadelphia, PA 19101-7317

James M Sabovich
Callahan & Blaine
3 Hutton Centre Dr Ste 900
Santa Ana, CA 92707-8722

JJM LLC
c/o Dawn Dixon
2005 Burdock Road
Baltimore, MD 21209

JMC Financial Holdings, LLC
c/o Jeffreey M. Covelli
814 Tyvola Road, Suite 107
Charlotte, NC 28217-3539

Joseph W. Grier, III
Grier Wright Martinez, PA
521 E. Morehead St., Suite 440
Charlotte, NC 28202-2623

Kamran Salour
Callahan & Blaine
3 Hutton Centre Drive 9th Floor
Santa Ana, CA 92707-5781

Lewis & Ellis,  Inc.
Attn: Scott Gibson
700 Central Expressway South, Suite 550
Allen, TX 75013-8125

Margaret E. Dayton
Scheper Kim & Harris, LLP
800 West Sixth Street, 18th Floor
Los Angeles, CA 90017-2701

Matthew T Furton
Locke Lord LLP
111 S Wacker Dr
Chicago, IL 60606-4409

North Carolina Department of Revenue
Bankruptcy Unit
P.O. Box 1168
Raleigh, NC 27602-1168

Pension Benefit Guaranty Corp
Attn: Office of the General Counsel
445 12th Street, SW
Washington, DC 20024-2101

RJC Financial, Inc.
814 Tyvola Rd
Charlotte, NC 28217-3593

Raphael Cung
Callahan & Blaine APLC
3 Hutton Centre Dr 9th Fl
Santa Ana, CA 92707-5781

Richard Kearns
6521 Selton House Lane
Charlotte, NC 28277-4521

Robert J. Feinstein
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4114

Robert James Guite
Sheppard Mullin Richter Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4158

Robert S Marticello
Smiley Wang-Ekvall, LLP
3200 Park Center Dr, Suite 250
Costa Mesa, CA 92626-7234

Scheper Kim & Harris LLP
800 W. Sixth Street, 18th Floor
Los Angeles, CA 90017-2701

4854-8577-3187, v. 4

Smiley Wang-Ekvall
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626-7234

Smith Barid, LLC
Attn Mike Smith
7393 Hodgson Memorial Dr., STE 202
Savannah, GA 31406-1507

Steven B Sacks
Four Embarcadero Center 17th Floor
San Francisco, CA 94111-4158

TMC Financial, LLC
c/o Thomas M. Covelli
814 Tyvola Road, Suite 107
Charlotte, NC 28217-3539

Traci M. Christian
5008 W. 129th Street
Leawood, KS 66209-1884

U.S. Bankruptcy Administrator Office
402 W. Trade Street, Suite 200
Charlotte, NC 28202-1673

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Unsecured Creditors Cmte,
Freedom Comm Jack Butler, Chair
Pension Benefit Guaranty Corporation
1200 K Street, NW
Washington, DC 20005-4026

Willen Limsky Stampfer & Dowling PA
Attn Amy Stampfer
4 Reservoir Circle, Suite 201
Baltimore MD 21208-7301

William H. Forman
Scheper Kim & Harris, LLP
800 West Sixth Street, 18th Floor
Los Angeles, CA 90017-2701

A. Burton Shuford
4700 Lebanon Road, Suite #A-2
Mint Hill, NC 28227-8265

Cole Hayes
601 S. Kings Drive Suite F
PMB #411
Charlotte, NC 28204

Edward P. Bowers
219-A Wilmot Dr.
Gastonia, NC 28054-4048

4854-8577-3187, v. 4

## **EXHIBIT A**

**Settlement Agreement**

4854-8577-3187, v. 4

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "**Agreement**") is made and entered into effective as of the _____ day of October, 2023 (the "**Effective Date**"), by and between A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC (the "**Trustee**"), BJS Insurance, LLC ("**BJS Insurance**"), JJM, LLC ("**JJM**"), TMC Financial, LLC ("**TMC**"), and JMC Financial Holdings, LLC ("**JMC**", and together with BJS Insurance, JJM, and TMC collectively, the "**Defendants**"). For purposes of this Agreement, the Trustee and the Defendants are sometimes each referred to as a "**Party**" and, collectively, as the "**Parties**."

WHEREAS, on February 6, 2020 (the "**Petition Date**"), JTR1, LLC f/d/b/a JTR, LLC (the "Debtor") filed a Chapter 7 bankruptcy case, case number 20-30141 (the "**Bankruptcy Case**"), in the United States Bankruptcy Court for the Western District of North Carolina (the "**Bankruptcy Court**"); and

WHEREAS, the Trustee is the duly appointed, acting, and qualified Chapter 7 Trustee for the Bankruptcy Estate of the Debtor; and

WHEREAS, BJS Insurance is a limited liability company incorporated under the laws of Maryland; and

WHEREAS, JJM is a limited liability company incorporated under the laws of Maryland; and

WHEREAS, TMC is a limited liability company incorporated under the laws of North Carolina; and

WHEREAS, JMC is a limited liability company incorporated under the laws of North Carolina; and

WHEREAS, on February 4, 2022, the Trustee filed a Complaint against the Defendants BJS Insurance and JJM, styled *A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC vs. BJS Insurance, LLC and JJM, LLC* Adv. Pro. No. 22-03018, to avoid transfers made to or for the benefit of Defendants, including transfers negligently made to or for the benefit of Defendants while the Debtor was insolvent, and seeking to recover the value of the transfers, for interest, and for costs and expenses incurred (the "**BJS Adversary Proceeding**"); and

WHEREAS, on February 4, 2022, the Trustee filed a Complaint against the Defendant TMC, styled *A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC vs. TMC Financial, LLC* Adv. Pro. No. 22-03017, to avoid transfers made to or for the benefit of Defendant, including transfers negligently made to or for the benefit of Defendant while the Debtor was insolvent, and seeking to recover the value of the transfers, for interest, and for costs and expenses incurred (the "**TMC Adversary Proceeding**"); and

WHEREAS, on February 4, 2022, the Trustee filed a Complaint against the Defendant JMC, styled *A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC*

JTR 1 Settlement Agreement
4881-4639-2453, v. 1

Doc ID: 3bef98c9757b19ef4ac7beb346235c9c35d6c29b

*vs. JMC Financial Holdings, LLC* Adv. Pro. No. 22-03007, to avoid transfers made to or for the benefit of Defendant, including transfers negligently made to or for the benefit of Defendant while the Debtor was insolvent, and seeking to recover the value of the transfers, for interest, and for costs and expenses incurred (the "**JMC Adversary Proceeding**" and together with the BJS Adversary Proceeding and the TMC Adversary Proceeding, the "**Adversary Proceedings**"); and

WHEREAS, the Parties have agreed to resolve all the issues raised in, or that could have been raised in, the Adversary Proceedings pursuant to the terms set forth herein.

NOW, THEREFORE, for and in consideration of the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, the Parties mutually agree as follows:

1.   Incorporation of Recitals. The foregoing recitals are incorporated as terms, provided however that, if a direct conflict arises between the recitals and the other terms, the other terms of this Agreement will control.

2.   Settlement Payment. Defendants, jointly and severally, shall pay Two Hundred Thousand and 00/100 Dollars ($200,000.00) (the "Settlement Payment") to the Trustee for settlement of the Adversary Proceedings. Defendants shall remit the Settlement Payment to Trustee on or before the thirtieth (30) day following entry of the order approving the settlement. The Settlement Payment shall be by wire transfer pursuant to instructions from the Trustee or by check made payable to A. Burton Shuford, Trustee and delivered:

If by FedEx, UPS, or hand delivery, to:

      Melanie D. Johnson Raubach
      HAMILTON STEPHENS STEELE + MARTIN, PLLC
      525 North Tryon Street, Suite 1400
      Charlotte, North Carolina 28202

If by U.S. Mail, to:

      A. Burton Shuford
      P.O. Box 691626
      Mint Hill, North Carolina 28227

3.   Warranties and Representations. Each Defendant made, or has committed to make, representations regarding their financial position and holdings as well as representations regarding any transfers out of the relevant Defendant limited liability companies. Defendants BJS and JJM also provided certain financial documents to the Trustee. Each Defendant, individually, hereby represents and affirms that (i) the financial disclosures and (ii) materials (in the case of BJS and JJM) provided to the Trustee remain substantially accurate as of the date of the settlement, with no material variance occurring from the date on which the materials were provided and the date of the settlement, other than the reduction of cash balances due to the payment of ordinary course of business expenses.

**Page 2 of 7**

Doc ID: 3bef98c9757b19ef4ac7beb346235c9c35d6c29b

4.   <u>Production of Declaration</u>. On or before October 10, 2023, Barry Steinfelder shall produce a sworn statement as follows:

    a.   affirming that neither BJS nor JJM has made transfers in excess of $50,000 in the aggregate to any person or entity during the lawsuit period (beginning February 4, 2022, and continuing to the date on which settlement occurred, September 27, 2023) other than transfers to Dawn Dixon in the amount of her regular salary (in the approximate amount of $100,000) and payment of legal fees.

    b.   confirming that the Morgan Stanley account for which JJM provided its account statement is the only asset of JJM.

5.   <u>Release of the Defendants</u>.   Except for the obligations provided for in this Agreement, upon approval of this Agreement by the Bankruptcy Court and satisfaction of the terms hereof, including receipt by the Trustee of the Settlement Payment, the Trustee, on behalf of himself and any person claiming by or through the Trustee, does hereby release the Defendants, and each of their respective owners, divisions, subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, trustees, heirs, beneficiaries, executors, administrators, attorneys, employees and agents from any and all known and unknown liabilities, actions, causes of action, claims, rights, charges, damages, costs, attorneys' fees, suits, and demands of any and every kind, nature and character, including but not limited to claims for negligent transfers, transfers made at a time when Defendants negligently believed the Debtor to be solvent, or transfers for what Defendants negligently believed was reasonably equivalent value but was in fact for less than reasonably equivalent value, from the beginning of time to the date of this Agreement, relating to or arising from the Adversary Proceedings.   For the avoidance of doubt, this release is intended to include as beneficiaries JTB Advisors, LLC, JTB Marketing, LLC, JTB Risk Services, LLC, Old Colony Associates, LLC, Thomas M. Covelli, Jeffrey M. Covelli, and Barry J. Steinfelder.

6.   <u>Release of Trustee</u>.   The Defendants, upon approval of this Agreement by the Bankruptcy Court, on behalf of themselves and any person claiming by or through the Defendants, do hereby release the Trustee, and each of his respective parent corporations, divisions, subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, trustees, beneficiaries, executors, administrators, attorneys, employees, and agents (the "Trustee Released Entities") from any and all known and unknown liabilities, actions, causes of action, claims, rights, charges, damages, costs, attorneys' fees, suits, and demands of any and every kind, nature and character, from the beginning of time to the date of this Agreement relating to or arising from the Adversary Proceedings. This release of the Trustee Released Entities shall not operate to release any other person, entity, or insurer.

7.   <u>Bankruptcy Court Approval</u>.   The terms of this Agreement are subject to approval by the Bankruptcy Court. Promptly after execution of this Agreement, the Parties shall file such pleadings as necessary seeking Bankruptcy Court approval of the resolution of the issues pending between the Parties being resolved by this Agreement.

JTR 1 Settlement Agreement
4881-4639-2453, v. 1

Doc ID: 3bef98c9757b19ef4ac7beb346235c9c35d6c29b

8.    <u>Dismissal</u>. Upon approval of this Agreement by the Bankruptcy Court and satisfaction of the terms hereof, including receipt by the Trustee of the Settlement Payment, the Trustee shall dismiss each of the Adversary Proceedings.

9.    <u>Notice</u>. The Parties agree to provide the following forms of notice should any be required under this Agreement:

a.    <u>If to the Trustee</u>:

Via certified mail, return receipt requested to:

Melanie D. Johnson Raubach
HAMILTON STEPHENS STEELE + MARTIN, PLLC
525 North Tryon Street, Suite 1400
Charlotte, North Carolina 28202

and

A. Burton Shuford
P.O. Box 691626
Mint Hill, North Carolina 28227

With concurrent electronic copy to:

mraubach@lawhssm.com
bshuford@abshuford.com

b.    <u>If to the Defendants BJS Insurance and JJM</u>:

Via certified mail, return receipt requested to:

Margaret R. Westbrook
K&L Gates
301 Hillsborough Street, Suite 1200
Raleigh, North Carolina  27603

Andrew D. Freeman
BROWN GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202

With concurrent electronic copy to:

margaret.westbrook@klgates.com
adf@browngold.com

JTR 1 Settlement Agreement
4881-4639-2453, v. 1

Doc ID: 3bef98c9757b19ef4ac7beb346235c9c35d6c29b

      c.    <u>If to the Defendants TMC and JMC</u>:

Via certified mail, return receipt requested to:

    Joseph W. Grier, III
    GRIER WRIGHT MARTINEZ, PA
    521 E. Morehead St., Ste. 440
    Charlotte, NC 28202

With concurrent electronic copy to:

    jgrier@grierlaw.com

10.   <u>Terms Are Material</u>. The Parties agree that all terms contained herein, including any terms contained in exhibits and other documents incorporated into this Agreement by reference, are material terms of this Agreement.

11.   <u>Costs and Fees</u>. Each Party shall bear its own costs, expenses, and attorneys' fees incurred in connection with this resolution of the pending issues between the Parties, including the preparation of this Agreement and the transactions contemplated herein. However, the Parties stipulate and agree that this Agreement meets the definition of a "business contract" pursuant to N.C. Gen. Stat. § 6-21.6, such that the prevailing Party in any dispute arising under this Agreement, as determined by the court of competent jurisdiction, shall be entitled to an award of its reasonable costs and attorneys' fees incurred in connection with such dispute.

12.   <u>Duplicate Originals</u>. This Agreement may be executed in any number of counterparts and each such counterpart, when so executed and delivered, shall constitute one and the same instrument. A facsimile of the signature page bearing the signature of a Party shall be deemed to have the same force and effect as an original signature to this Agreement.

13.   <u>Parties</u>. The Parties respectively warrant and represent that they have not assigned, transferred or conveyed in any manner any claims or rights released by this Agreement. Each Party hereto further represents that the person executing this document on its behalf has the legal capacity and the authority to execute this Agreement on behalf of such Party and it has all necessary authority to make the representations, warranties and agreements contained herein. Notwithstanding the representations in this paragraph, the parties acknowledge that this agreement remains subject to approval by the Bankruptcy Court.

14.   <u>Integration and Waiver</u>. The entire agreement, intent, and understanding between the Parties is contained in the provisions of this Agreement, and any stipulations, representations, promises, or agreements, written or oral, made before or contemporaneously with this Agreement shall have no legal or equitable effect or consequence unless reduced to writing herein. No waiver of any of the provisions hereof shall be effective unless in writing and signed by the Party to be charged with such waiver.

JTR 1 Settlement Agreement
4881-4639-2453, v. 1

Doc ID: 3bef98c9757b19ef4ac7beb346235c9c35d6c29b

15.   No Admission.  The Parties acknowledge and agree that this Agreement is in compromise of disputed issues, that the compromise of such issues as set forth in this Agreement is not to be construed as an admission of liability on the part of any Party, and that said Parties each deny liability with respect to the same and instead intend merely to avoid litigation and buy their peace with one another.

16.   Voluntary Action.  The Parties represent and warrant that they have entered into and executed this Agreement voluntarily, knowingly, and with the benefit of advice of legal counsel of their own choosing.

17.   Jurisdiction and Venue.  The Parties acknowledge and agree that the State courts of North Carolina shall have sole and exclusive jurisdiction over any legal action involving this Agreement and further stipulate that venue for any such legal action shall be proper in the United States Bankruptcy Court for the Western District of North Carolina.

18.   Severability.  If for any reason any provision of this Agreement is determined to be invalid or unenforceable, the remaining provisions of this Agreement nevertheless shall be construed, performed, and enforced as if the invalidated and unenforceable provision had not been included in the Agreement's text.

19.   Drafting By All Parties.  This Agreement shall be construed as though each Party participated equally in drafting it, and any uncertainty or ambiguity shall not be interpreted against any one Party as a result of its involvement or lack thereof in the drafting.  This Agreement shall inure to the benefit of (and may be enforced by) each of the Parties hereto and each of their respective successors and assigns.

20.   Headings.  The headings in this Agreement are inserted for convenience only and shall not affect its construction or interpretation.

IN WITNESS WHEREOF, the parties have each caused this Agreement to be executed on the date or dates as set forth below.

**[Remainder of page left blank intentionally.  Signature pages follow].**

JTR 1 Settlement Agreement
4881-4639-2453, v. 1

Doc ID: 3bef98c9757b19ef4ac7beb346235c9c35d6c29b

_____

**A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC**

**BJS INSURANCE, LLC, a Maryland limited liability company**

By:   _____

Name: _____

Title: _____

**JJM, LLC, a Maryland limited liability company**

By:   _____

Name: _____

Title: _____

**TMC FINANCIAL, LLC, a North Carolina limited liability company**

By:   _____

Name:  Thomas M. Covelli

Title:   Manager

**JMC FINANCIAL HOLDINGS, LLC, a North Carolina limited liability company**

By:   _____

Name:  Jeffrey M. Covelli

Title:   Manager

Page 7 of 7

Doc ID: 3bef98c9757b19ef4ac7beb346235c9c35d6c29b

**✖ Dropbox** Sign                                                    Audit trail

| | |
|---|---|
| **Title** | BJS  JJM TMC and JMC - Settlement Agreement and... |
| **File name** | BJS%20%20JJM%20TM...204881-4639-2.pdf |
| **Document ID** | 3bef98c9757b19ef4ac7beb346235c9c35d6c29b |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ⊙ Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| ↻ **SENT** | **10 / 09 / 2023** 15:44:37 UTC | Sent for signature to Jeff Covelli (jeff.covelli@seperium.com) and Tom Covelli (tom.covelli@seperium.com) from jgrier@grierlaw.com IP: 76.248.78.181 |
| 👁 **VIEWED** | **10 / 10 / 2023** 15:28:49 UTC | Viewed by Tom Covelli (tom.covelli@seperium.com) IP: 93.180.229.17 |
| ⟋ **SIGNED** | **10 / 10 / 2023** 15:29:12 UTC | Signed by Tom Covelli (tom.covelli@seperium.com) IP: 99.56.243.63 |
| 👁 **VIEWED** | **10 / 11 / 2023** 17:14:52 UTC | Viewed by Jeff Covelli (jeff.covelli@seperium.com) IP: 162.43.241.215 |
| ⟋ **SIGNED** | **10 / 16 / 2023** 14:31:21 UTC | Signed by Jeff Covelli (jeff.covelli@seperium.com) IP: 107.200.122.249 |
| ⊘ **COMPLETED** | **10 / 16 / 2023** 14:31:21 UTC | The document has been completed. |

Powered by ✖ **Dropbox** Sign

**A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC**

**BJS INSURANCE, LLC, a Maryland limited liability company**

By: *Barry J. Steinfelder*

Name: ~~Barry J. Steinfelder~~

Title: Owner

**JJM, LLC, a Maryland limited liability company**

By: *Dawn Dixon*

Name: ~~Dawn Dixon~~

Title: Member

**TMC FINANCIAL, LLC, a North Carolina limited liability company**

By: _____

Name: _____

Title: _____

**JMC FINANCIAL HOLDINGS, LLC, a North Carolina limited liability company**

By: _____

Name: _____

Title: _____

JTR 1 Settlement Agreement
4856-6189-8627, v. 1

# EXHIBIT B

## Proposed Order

4854-8577-3187, v. 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| **JTR1, LLC f/d/b/a JTR, LLC** | ) | |
| | ) | Case No. 20-30141 |
| Debtor. | ) | |
| | ) | |
| **A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC,** | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adv. Proc. No. 22-03007 |
| | ) | |
| **JMC Financial Holdings, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| **A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC,** | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adv. Proc. No. 22-03017 |
| | ) | |
| **TMC Financial, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| **A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC,** | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. 22-03018 |

14

vs.                                           )
                                              )
**BJS Insurance, LLC** and **JJM, LLC,**      )
                                              )
                    Defendants.               )
                                              )
_____       )

## ORDER APPROVING SETTLEMENT
## PURSUANT TO BANKRUPTCY RULE 9019

This matter is before the Court on the Motion to Approve Settlement Pursuant to Bankruptcy Rule 9019 (the "Motion").  In the Motion, A. Burton Shuford, Trustee of the Bankruptcy Estate of JTR1, LLC f/d/b/a JTR, LLC (the "Trustee" or "Plaintiff") seeks approval of the settlement among Plaintiff and JMC Financial Holdings, LLC ("JMC"), TMC Financial, LLC ("TMC"), BJS Insurance, LLC ("BJS Insurance"), and JJM, LLC ("JJM" and with BJS Insurance, TMC, and JMC collectively, the "Defendants", and with the Plaintiff, the "Parties"). The Settlement Agreement and Release (the "Agreement") between Plaintiff and Defendants was attached as **Exhibit A** to the Motion.  Having considered the Motion and Agreement and for good cause shown, the Court finds, concludes, and orders:

1.        This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is appropriate in this district pursuant to 28 U.S.C. § 1409.  The authority for the relief sought herein is Bankruptcy Rule 9019.

2.        Notice and service of the Motion were appropriate.

3.        The terms of the Agreement are fair and reasonable.  The Agreement is within the bounds of the Trustee's sound business judgment and the standards applicable to Bankruptcy Rule 9019.

4.        Therefore, the Motion is granted and the Agreement is approved.

4854-8577-3187, v. 4

5.      Following Plaintiff's receipt of (i) a fully executed copy of the Agreement and (ii)

the Settlement Payment, Plaintiff shall file a Voluntary Dismissal of the above-captioned Lawsuits.

6.      The Court, with the consent of the Parties, retains jurisdiction over any disputes

regarding the validity, interpretation, or performance of the Agreement, including but not limited

to the ability to enforce the payment.

**IT IS SO ORDERED.**

| This order has been signed electronically. The Judge's signature and the Court's seal appear at the top of this Order. | United States Bankruptcy Court |
| --- | --- |

4854-8577-3187, v. 4